**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON P. KARDASSAKIS, SB# 90602
  E-Mail: Jon.Kardassakis@lewisbrisbois.com
DANIELLE E. STIERNA, SB# 317156
  E-Mail: Danielle.Stierna@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants, MEDICAL REVIEW
INSTITUTE OF AMERICA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT PATTERSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MEDICAL REVIEW INSTITUTE OF AMERICA, LLC,<br><br>Defendant. | Case No. 3:22-cv-00413-MMC<br><br>**DEFENDANT MEDICAL REVIEW INSTITUTE OF AMERICA, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(B)(1), 12(B)(6), OR TRANSFER THE CASE PURSUANT TO 28 U.S.C. § 1404(A)**<br><br>Judge:    Maxine M. Chesney<br><br>Date: Friday, July 8, 2022<br>Time: 9:00 a.m.<br>Crtrm: 7<br><br>[Filed concurrently with Declaration of Ron Sullivan, Declaration of Aja Leichliter, and Proposed Order] |

## NOTICE OF MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on July 8, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Maxine M. Chesney, in Courtroom 7 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant MEDICAL REVIEW INSTITUTE OF AMERICA, LLC will, and hereby does, move the Court under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing Plaintiff's Class Action Complaint or, in the alternative, to transfer the case to the District of Utah under 28 U.S.C. § 1404(a).

The FRCP 12(b)(1) motion is made on the grounds that Plaintiffs lack Article III standing. The FRCP 12(b)(6) motion is made on the grounds that, even *assuming* Plaintiff has standing, he fails to state a claim under any of the causes of action in the Class Action Complaint.  The alternative motion to transfer pursuant to 28 U.S.C. § 1404(a) is based on the fact five related cases are pending in the District of Utah with a pending motion to consolidate on file.  To conserve judicial resources and efficiently resolve the issues, this case should be transferred and consolidated with the five other pending class actions.  This motion is based on this notice, the accompanying memorandum of points and authorities, the declarations of Ron Sullivan and Aja Leichliter, and all other facts the Court may or should take notice of, all files, records, and proceedings in this case, and any oral argument the Court may entertain.

DATED:  May 31, 2022                          JON P. KARDASSAKIS
                                              DANIELLE E. STIERNA
                                              LEWIS BRISBOIS BISGAARD & SMITH LLP


                                              By:    _/s/ Danielle E. Stierna_
                                                     DANIELLE E. STIERNA
                                                     Attorneys for Defendants, MEDICAL REVIEW
                                                     INSTITUTE OF AMERICA, LLC


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# TABLE OF CONTENTS

**Page**

I. Statement of Issues To Be Decided ........................................................................1

        1. Whether Plaintiff lacks Article III standing. .................................1

        2. Whether Plaintiff fails to allege facts sufficient to support his claims...........1

        3. Whether the case should be transferred to the District of Utah....................1

II. Introduction ...........................................................................................................1

III. Statement of Relevant Facts .................................................................................1

IV. Legal Standards Under FRCP 12(b)(1), FRCP 12(b)(6), And 28 U.S.C. § 1404(a).............3

V. Plaintiff Lacks Article III Standing ........................................................................4

    A. Plaintiff Lacks Injury-in-Fact to Support His Claims And Relief Sought ...............5

    B. Plaintiff Cannot Establish Traceability or Redressability Necessary for Standing .................8

VI. Plaintiff Lacks Standing To Assert A Nationwide Class .........................................9

VII. Plaintiff's CMIA Claim (Count II) Fails ..............................................................10

    A. Plaintiff Fails to Show CMIA Applies to MRIoA ...............................10

    B. Plaintiff Fails to Show His "Medical Information" Was in MRIoA's System ........10

    C. No Disclosure of Plaintiff's Medical Information Is Alleged ................11

    D. No Unauthorized Viewing of Plaintiff's Medical Information Is Alleged .............11

VIII. Plaintiff's Negligence Claim Fails for Lack of Compensable Injury...................12

    A. The Economic Loss Doctrine Bars Plaintiff's Negligence Claim..........................12

    B. Plaintiff's Negligence Claim Fails for Lack of Injury and Damages......................14

IX. Plaintiff Fails To Allege An Invasion of Privacy Claim .........................................15

X. The Breach of Confidence Claim Fails for Lack of Novelty and Disclosure ....................16

XI. Plaintiff's Information Practices Act Claim Does Not Apply to MRIoA ..........................17

XII. The Breach of Implied Contract Claim Fails ........................................................17

XIII. The Breach of Implied Covenant of Good Faith and Fair Dealing Claim Fails .................19

XIV. Plaintiff's UCL Claims Must Be Dismissed Because He Lacks Statutory Standing, IT Exceeds the Court's Equitable Authority, And Lacks Facts ..........................................19

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

XV.    Plaintiff's Unjust Enrichment Claim Fails ...........................................................21

XVI.   Motion to Transfer Argument .............................................................................22

XVII.  Conclusion.........................................................................................................25



# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abuelhawa v. Santa Clara Univ.*,
No. 20-CV-0405-LHK, 2021 U.S. Dist. LEXIS 61263 (N.D. Cal. Mar. 29, 2021) .................................................................................................................. 22

*In re Am. Med. Collection Agency Cust. Data Sec. Breach Litig.*,
No. 19-md-2904, 2021 U.S. Dist. LEXIS 240360 (D.N.J. Dec. 16, 2021) ............................. 7

*In re Ambry Genetics Data Breach Litig.*,
No. SACV 20-00791-CJC, 2021 U.S. Dist. LEXIS 204358 (C.D. Cal. Oct. 18, 2021) .................................................................................................................. 16

*Amer v. Medical Review Institute of America, LLC*,
No. 2:22-cv-00132-DAK-DBP (D. Utah) ........................................................... 24

*Antman v. Uber Techs., Inc.*,
No. 15-cv-01175-LB, 2018 U.S. Dist. LEXIS 793711 (N.D. Cal. May 10, 2018) ................. 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................................................................... 3

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) ........................................................................... 21

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................................... 3

*Biakanja v. Irving*,
49 Cal. 2d 647 (1958) ................................................................................... 13

*Branch v. Homefed Bank*,
6 Cal. App. 4th 793 (1992) ............................................................................ 14

*In re Brinker Data Incident Litig.*,
No. 3:18-cv-686-J32MCR, 2020 U.S. Dist. LEXIS 247918 (M.D. Fla. Jan. 27, 2020) ....................................................................................................... 16

*Bristol-Myers Squibb Co. v. Superior Court*,
137 S. Ct. 1773 (2017) .................................................................................... 9

*California Shoppers, Inc. v. Royal Globe Ins. Co.*,
175 Cal. App. 3d 1 (1985) ............................................................................. 19

*Callahan v. Ancestry*,
No. 20-cv-08437-LB, 2021 U.S. Dist. LEXIS 112036 (N.D. Cal. June 15, 2021) ................. 7

*Cates Construction, Inc. v. Talbot Partners*,
    21 Cal. 4th 28 (1999) ........................................................................................ 19

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) ........................................................................................ 6, 9

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) ...................................................................................... 6, 7

*Claridge v. RockYou, Inc.*,
    785 F. Supp. 2d 855 (N.D. Cal. Apr. 11, 2011) ...................................................... 19

*Daniel v. Ford Motor Co.*,
    806 F.3d 1217 (9th Cir. 2015) ............................................................................ 21

*Davies v. Krasna*,
    14 Cal. 3d 502 (1975) ....................................................................................... 16

*Dean v. Medical Review Institute of America, LLC et al.*,
    No. 1:22-cv-00619-JZL, Dkt. No. 18 (N.D. Ill. Mar. 25, 2022) ............................. 24

*Dean v. Medical Review Institute of America, LLC*,
    No. 2:22-cv-00226-TS-DAO (D. Utah) ................................................................. 24

*Erlich v. Menezes*,
    21 Cal. 4th 543 (1999) ........................................................................... 13, 14, 18

*Esquer v. Stockx, LLC*,
    No. 19-CV-05933-LHK, 2020 U.S. Dist. LEXIS 112493 (N.D. Cal. June 26,
    2020) ............................................................................................ 22, 23, 24

*Foster v. Essex Prop.*,
    No. 5:14-cv-05531-EJD, 2017 U.S. Dist. LEXIS 8373 (N.D. Cal. Jan. 20, 2017) .................. 5

*FW/PBS, Inc. v. Dallas*,
    493 U.S. 215 (1990) ........................................................................................... 3

*Gardiner v. Walmart, Inc.*,
    No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 75079 (N.D. Cal. Mar. 5, 2021)
    ("*Gardiner I*") ................................................................................... 13, 18, 20

*Gardiner v. Walmart, Inc.*,
    No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 211251 (N.D. Cal. July 28,
    2021) ("*Gardiner II*") ........................................................................ 13, 15, 22

*In re Google Privacy Policy Litig.*,
    No. 5:12-cv-001382-PSG, 2015 U.S. Dist. LEXIS 92736 (N.D. Cal. July 15,
    2015) ................................................................................................................ 7



*Graham v. Universal Health Servs.*,
    539 F. Supp. 3d 481 (E.D. Pa. 2021) .................................................. 6, 8

*Greenstein v. Noblr Reciprocal Exch.*,
    No. 21-cv-04357-JSW, 2022 U.S. Dist. LEXIS 30228 (N.D. Cal. Feb. 14, 2022).......... *passim*

*Huynh v. Quora, Inc.*,
    2019 U.S. Dist. LEXIS 235733 (N.D. Cal. Dec. 19, 2019) ............................................ 18, 20

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) ................................................................ 14

*J'Aire Corp v. Gregory*,
    24 Cal. 3d 799 (1979)................................................................................ 13

*Jones v. Micron Tech., Inc.*,
    400 F. Supp. 3d 897 (N.D. Cal. 2019) .................................................................. 9

*Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys.*,
    315 F. App'x 603 (9th Cir. 2008)...................................................................... 13

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ........................................................................ 21

*Klein v. Facebook, Inc.*,
    No. 20-CV-08570-LHK, 2022 U.S. Dist. LEXIS 8081 (N.D. Cal. Jan. 14, 2022)................. 22

*Krottner v. Starbucks Corp.*,
    628 F.3d 1139 (9th Cir. 2010).................................................................... 5, 18

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011).............................................................................. 20

*Ladas v. California State Auto. Assn.*,
    19 Cal. App. 4th 761 (1993)......................................................................... 18

*Laguardia v. Designer Brands, Inc.*,
    No. 19cv1568 JM(BLM), 2020 U.S. Dist. LEXIS 88142 (S.D. Cal. May 7,
    2020)............................................................................................... 25

*Legg v. Leaders Life Ins. Co.*,
    No. CIV-21-655-D, 2021 U.S. Dist. LEXIS 232833 (W.D. Okla. Dec. 6, 2021)................ 6, 7

*Lou v. Belzberg*,
    834 F.2d 730 (9th Cir. 1987)........................................................................ 23

*Lovelll v. P.F Chang's China Bistro, Inc.*,
    No. C14-1152RSL, 2015 U.S. Dist. LEXIS 112101 (W.D. Wash. Mar. 27,
    2015)............................................................................................... 18

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Low v. LinkedIn Corp.*,
   900 F. Supp. 2d 1010 (N.D. Cal. July 12, 2012) ................................................................ 16

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) .............................................................................................................. 4

*Miller v. Nat'l Broadcasting Co.*,
   187 Cal. App. 3d 1463 (1986) ............................................................................................ 14

*Moore v. Hagert Ins. Agency, LLC*,
   No. 19-cv-05453-EMC, 2020 U.S. Dist. LEXIS 246802 (N.D. Cal. May 1,
   2020) .................................................................................................................................... 19

*Penikila v. Sergeant's Pet Care Prods., LLC*,
   442 F. Supp. 3d 1212 (N.D. Cal. 2020) ............................................................................... 9

*Peters v. Wells Fargo Bank, N.A.*,
   No. 17-cv-04367-JST, 2018 U.S. Dist. LEXIS 6139 (N.D. Cal. Jan. 12, 2018) ............... 4, 22

*Pierce-Nunes v. Toshiba Am. Info. Sys.*,
   No. 14-cv-00796-JST, 2014 U.S. Dist. LEXIS 129641 (N.D. Cal. Sept. 14,
   2014) .................................................................................................................................... 24

*Potter v. Firestone Tire & Rubber Co.*,
   6 Cal. 4th 965 (1993) .......................................................................................................... 14

*Prescott v. Bayer Healthcare LLC*,
   No. 5:20-cv-00102 NC, 2020 U.S. Dist. LEXIS 113378 (N.D. Cal. June 29,
   2020) ...................................................................................................................................... 9

*Pruchnicki v. Envision Healthcare Corp.*,
   845 F. App'x 613 (9th Cir. 2021) ....................................................................... 14, 15, 18, 20

*Purvis v. Medical Review Institute of America, LLC*,
   No. 2:22-cv-00099-DAK-DBP (D. Utah) ........................................................................... 24

*Ree v. Zappos.com, Inc. (In re Zappos.com, Inc.)*,
   888 F.3d 1020 (9th Cir. 2018) .............................................................................................. 5

*Regents of Univ. of California v. Superior Court*,
   220 Cal. App. 4th 549 (2013) ......................................................................................... 11, 12

*Robinson v. Managed Accounts Receivable Corp.*,
   654 F. Supp. 2d 1051 (C.D. Cal. Aug. 4, 2009) .................................................................. 15

*Ruiz v. Gap, Inc.*,
   380 F. App'x 689 (9th Cir. 2010) ........................................................................................ 15

*Savage v. Glendale Union High Sch.*,
   343 F.3d 1036 (9th Cir. 2003) .............................................................................................. 3

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4882-6130-7683.1          vi          Case No. 3:22-cv-00413

Defendant's Notice of Motion and Motion to Dismiss Or Transfer Plaintiff's Complaint

*In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig. ("In re SAIC")*, 45 F. Supp. 3d 14 (D.D.C. 2014) ................................................................ 8

*Sheen v. Wells Fargo Bank, N.A.*,
12 Cal. 5th 905 (2022) ................................................................................................ 13

*Shulman v. Grp. W. Prods., Inc.*,
18 Cal. 4th 200 (1998) ................................................................................................ 15

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) ................................................................................ 20, 21

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
903 F. Supp. 2d 942 (S.D. Cal. Oct. 11, 2012) (*In re Sony I*) ............................ 13, 14

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
996 F. Supp. 2d 942 (S.D. Cal. Jan. 21, 2014) (*In re Sony II*) ................................ 13

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ....................................................................................... 3

*Stanford Health Care v. Blue cross Blue Shield of N.C., Inc.*,
No. 21-cv-04598-BLF, 2022 U.S. Dist. LEXIS 11482 (N.D. Cal. Jan. 21, 2022) ............... 17

*Stewart Org., Inc. v. Ricoh Corp.*,
487 U.S. 22 (1988) ........................................................................................................ 4

*Strom v. Paytime, Inc.*,
90 F. Supp. 3d 359 (M.D. Pa. 2015) ............................................................................ 8

*Sutter Health v. Superior Court*,
227 Cal. App. 4th 1546 (2014) .............................................................................. 11, 12

*Tele-Count Eng'rs, Inc. v. Pac. Tel. & Tel. Co.*,
168 Cal. App. 3d 455 (1985) ...................................................................................... 16

*Thornton v. Medical Review Institute of America, LLC*,
No. 2:22-cv-00181-BSJ (D. Utah) .............................................................................. 24

*TransUnion LLC v. Ramirez*,
141 S. Ct. 2190 (2021) .......................................................................................... 4, 5, 6

*Warth v. Seldin*,
422 U.S. 490 (1975) ...................................................................................................... 4

*White v. Lee*,
227 F.3d 1214 (9th Cir. 2000) ................................................................................ 3, 24

*White v. Medical Review Institute of America, LLC*,
No. 2:22-cv-00082-DAK-DAO (D. Utah) ................................................................. 24

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4882-6130-7683.1

vii

Case No. 3:22-cv-00413

Defendant's Notice of Motion and Motion to Dismiss Or Transfer Plaintiff's Complaint

*Whitesides v. E\*TRADE Sec., LLC*,
    No. 20-cv-05803-JSC, 2021 U.S. Dist. LEXIS 46082 (N.D. Cal. Mar. 11, 2021) ................ 13

*Wilder v. CBS Corp.*,
    No. 2:12-cv-8961-SVW-RZ, 2013 U.S. Dist. LEXIS 190059 (C.D. Cal. Feb.
    13, 2013)..................................................................................................................... 16

*Williams v. Apple, Inc.*,
    449 F. Supp. 3d 892 (N.D. Cal. 2020) ...................................................................... 21

*Wolfe v. Strankman*,
    392 F.3d 358 (9th Cir. 2004)....................................................................................... 3

**Statutes**

28 U.S.C. § 1391(b)(1)...................................................................................................... 22

28 U.S.C. § 1404(a)................................................................................................... 1, 3, 22

Cal. Bus. & Prof. Code § 17204................................................................................. 19, 20

Cal. Civ. Code § 56.05(i) ................................................................................................. 11

Cal. Civ. Code § 56.05 (d), (f), (k), (m) .......................................................................... 10

Cal. Civ. Code § 56.10(a)........................................................................................... 10, 11

Cal. Civ. Code § 56.101(a)......................................................................................... 10, 12

Cal. Civ. Code § 1798.3(b) .............................................................................................. 17

Cal. Civ. Code § 1798.21 ................................................................................................. 17

Cal. Civ. Code § 1798.47 ................................................................................................. 17

**Other Authorities**

Fed. R. Civ. P. 8(a) .......................................................................................................... 21

Fed. R. Civ. P 9(b) ........................................................................................................... 21

Fed. R. Civ. P. 12(b)(1) .............................................................................................. 3, 22

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 1, 3, 25



1

# MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    STATEMENT OF ISSUES TO BE DECIDED

3

1.    Whether Plaintiff lacks Article III standing.

4

2.    Whether Plaintiff fails to allege facts sufficient to support his claims.

5

3.    Whether the case should be transferred to the District of Utah.

6

## II.    INTRODUCTION

7

This case arises from Plaintiff receiving notice of a ransomware attack against Defendant

8 Medical Review Institute of America, LLC ("MRIoA"), an entity that provides peer review and

9 management services to health care providers.  Plaintiff had no contact with MRIoA and did not

10 know MRIoA had any information pertaining to him until he received a letter notifying him of the

11 ransomware attack on MRIoA.  The very limited information MRIoA had about Plaintiff was

12 innocuous in content and not the type of information that can cause Plaintiff any harm if it was

13 obtained by the attackers.  Consistent with that, Plaintiff has not suffered any misuse of the data

14 that MRIoA had regarding him.  Plaintiff has not experienced any actual or attempted identity

15 theft.  Yet he filed this lawsuit. MRIoA moves to dismiss Plaintiff's complaint for lack of Article

16 III standing.  Alternatively, Plaintiff's claims are woefully lacking in supporting facts requiring

17 their dismissal under Rule 12(b)(6).  Plaintiff brings claims for: (1) negligence; (2) violation of the

18 California Confidentiality of Medical Information Act ("CMIA"); (3) invasion of privacy; (4)

19 breach of confidence; (5) violation of the California Information Practices Act of 1977; (6) breach

20 of implied contract; (7) breach of implied covenant of good faith and fair dealing; (8) violation of

21 the California Unfair Competition Law ("UCL"); and (9) unjust enrichment.  Each lacks

22 supporting facts to state a claim.  Finally, this case is one of six arising from the same ransomware

23 attack against MRIoA.  MRIoA has its principal place of business in Utah.  The five other cases

24 are pending in the District of Utah.  Under 28 U.S.C. § 1404(a), this case should be transferred to

25 the District of Utah if it is not dismissed for lack of Article III standing.

26

## III.    STATEMENT OF RELEVANT FACTS

27

MRIoA is a Delaware corporation with its principal place of business in Utah.  Comp. ¶

28 26.  Plaintiff is a California resident.  *Id.* ¶ 14.  Plaintiff states MRIoA "offers peer review services

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

to patients, health plans, pharmacy benefits managers, third party administrators, governments, and self-insured employers through the United States, including in California." *Id.* ¶ 27.

MRIoA learned of a data security incident perpetrated by cybercriminals on November 9, 2021.  Comp. ¶ 4.  "The perpetrators demanded a ransom payment and in exchange agreed to return the data that had been obtained in the attack."  Sullivan Decl. ¶ 7.  Plaintiff received a notification letter informing him of the incident.  Comp. ¶ 20.  Plaintiff has not experienced any actual or attempted identity theft.  He was not aware MRIoA had information pertaining to him until he received the January 7, 2022 notification letter.  Comp. ¶ 39.  The potentially affected data pertaining to Plaintiff is innocuous.  It consists of "a single one-page document on MRIoA letterhead addressed to [MRIoA's] client.  Other than [MRIoA's] client's name and address, the only other information provided is the date, the title 'Advisory,' a reference to 'Patterson, Albert' as 'Insured' and 'Patient,' a Policy number," review time, and amount to be billed although the document is not a bill.  Leichliter Decl. ¶ 10.  The potentially affected information did <u>not</u> include Plaintiff's "address, birth date, age, social security number, phone number, email address, driver's license number, banking or other type of financial information," nor does it "identify any details regarding health care provided."  Leichliter Decl. ¶ 11.

Plaintiff alleges he received medical care from MRIoA.  Comp. ¶ 16.  MRIoA is not a medical care provider and did not provide any medical care to Plaintiff.  Leichliter Decl. ¶¶ 5-6.  Plaintiff alleges, "[a]s required in order to obtain services from Defendant, Representative Plaintiff provided Defendant with highly sensitive personal, financial, health and insurance information."  Comp. ¶ 18.  This is inconsistent with his allegation he was unaware MRIoA had information pertaining to him.  Comp. ¶ 39.

Plaintiff alleges he experienced harm in the form of increased risk of fraud and identity theft and as a result lost time spent monitoring his accounts, exploring credit monitoring options, and seeking legal counsel.  Comp. ¶¶ 21, 24.  He attempts to allege harm in the form of diminution in value of his PHI/PII, anxiety, and invasion of privacy.  Comp. ¶¶ 22-23.

Plaintiff seeks to represent a nationwide class of "[a]ll individuals in the United States of America whose PHI/PII and/or financial information was exposed to unauthorized third-parties as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

a result of the data breach discovered on November 9, 2021." Comp. ¶ 29.  He also seeks to represent a California subclass.  Comp. ¶ 29.

## IV.   LEGAL STANDARDS UNDER FRCP 12(B)(1), FRCP 12(B)(6), AND 28 U.S.C. § 1404(A)

A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be facial or factual. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  In a facial challenge, the Court only considers whether the facts alleged are sufficient "on their face to invoke federal jurisdiction." *Id.* In a factual challenge, the Court may consider materials outside the complaint.  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 n.2 (9th Cir. 2003).  MRIoA asserts a factual challenge here based on the concurrently filed Declarations of Ron Sullivan and Aja Leichliter. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.*  Article III standing is appropriately challenged through a Rule 12(b)(1) motion. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  The burden of satisfying Article III standing is on the plaintiff.  *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) (citations omitted).

A court must dismiss a complaint under Rule 12(b)(6) if the alleged facts do not entitle the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  Nor is a court "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Legal conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "'Naked assertions' devoid of 'further factual enhancement'" are not enough to survive dismissal. *Id.* at 678.  Rather, a plaintiff is required to show, through facts alleged, an entitlement to relief. *Id.* at 679 (citing FED. R. CIV. P. 8(a)(2)).

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Section

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    1404(a) is intended to place discretion in the district court to adjudicate motions for transfer

2    according to an 'individualized, case-by-case consideration of convenience and fairness.'"

3    *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted).  Factors to consider

4    include: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the

5    witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law,

6    (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the

7    relative court congestion and time of trial in each forum."  *Peters v. Wells Fargo Bank, N.A.*, No.

8    17-cv-04367-JST, 2018 U.S. Dist. LEXIS 6139, *4-5 (N.D. Cal. Jan. 12, 2018) (citation omitted).

9    ## V.    PLAINTIFF LACKS ARTICLE III STANDING

10    Article III standing requires a plaintiff to demonstrate he or she has (1) suffered an injury

11    in fact that (2) is fairly traceable to the challenged conduct of the defendant for which (3) a

12    favorable judicial decision could provide redress.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

13    560-61 (1992).  The injury in fact must be both "concrete and particularized" and "actual or

14    imminent, not 'conjectural' or 'hypothetical.'"  *Id.* at 560.  Whether the injury is fairly traceable

15    asks if there is a causal connection between the defendant and the alleged injury.  *Id.*  For a

16    judicial decision to provide redress, "it must be 'likely,' as opposed to merely 'speculative,' that

17    the injury will be 'redressed by a favorable decision."  *Id.* at 561.  If the plaintiff cannot satisfy the

18    Article III standing requirements, he is not allowed to seek relief for himself or for a putative class

19    he purports to represent.  *Warth v. Seldin*, 422 U.S. 490, 502 (1975).  It is not sufficient for

20    Plaintiff to allege facts to demonstrate that someone else might be able to state a plausible claim.

21    His inability to allege facts to show he personally has standing is fatal to his suit.  "And standing is

22    not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press

23    and for each form of relief that they seek (for example, injunctive relief and damages)."

24    *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) (citations omitted).

25    In the data security context, the Ninth Circuit considers the sensitivity of the information

26    potentially affected in an incident to determine whether there is standing based on actual identity

27    theft or increased risk of future identity theft.  *Greenstein v. Noblr Reciprocal Exch.*, No. 21-cv-

28    04357-JSW, 2022 U.S. Dist. LEXIS 30228, *6-14 (N.D. Cal. Feb. 14, 2022) (analyzing two Ninth



1  Circuit decisions and various district court decisions).  In *Krottner v. Starbucks Corp.*, 628 F.3d

2  1139, 1143 (9th Cir. 2010), the Ninth Circuit found injury-in-fact based on the theft of a laptop

3  containing plaintiffs names, addresses, and social security numbers and where one of the

4  plaintiff's had experienced an actual attempted fraud through use of his social security number.  In

5  *Ree v. Zappos.com, Inc. (In re Zappos.com, Inc.)*, 888 F.3d 1020, 1023-24 (9th Cir. 2018),

6  plaintiffs alleged "their names, account numbers, passwords, email addresses, telephone number,

7  and credit and debit card information" had been compromised in a data incident and some

8  plaintiffs had experienced actual fraud as a result.  The Ninth Circuit clarified its earlier ruling in

9  *Krottner* though explaining that "the sensitivity of the personal information" is the deciding factor

10  when determining the credibility of any impending future harm.  *Id.* at 1027.

11      The burden is on plaintiff to show traceability.  In *Foster v. Essex Prop.*, No. 5:14-cv-

12  05531-EJD, 2017 U.S. Dist. LEXIS 8373, at *13 (N.D. Cal. Jan. 20, 2017), the plaintiff alleged

13  unauthorized charges to a credit card after his landlord suffered a data incident.  *Id.* at *3. The

14  landlord submitted declarations showing plaintiffs were not injured as a result of the breaches to

15  the defendant's computer network because their credit card and other information was not stored

16  on the affected system.  *Id.* at *6.  This shifted the burden to plaintiffs to provide evidence of

17  standing.  They were unable to meet that burden because there was no "causal connection between

18  the unauthorized charges on [plaintiff's] credit card and the security breach of Essex's internal

19  computer system." *Id.* at *8-9.  The court dismissed all claims without leave to amend.  *Id.* at *14.

20      A.   Plaintiff Lacks Injury-in-Fact to Support His Claims And Relief Sought

21      Plaintiff attempts to allege five types of injury.  None withstand MRIoA's factual

22  challenge.  Plaintiff alleges he experienced harm in the form of increased risk of fraud and identity

23  theft and as a result lost time spent monitoring his accounts, exploring credit monitoring options,

24  and seeking legal counsel.  Comp. ¶¶ 21, 24.  He attempts to allege harm in the form of diminution

25  in value of his PHI/PII, anxiety, and invasion of privacy.  Comp. ¶¶ 22-23.

26      He alleges increased risk of identity theft.  Comp. ¶ 24.  But "the risk of future harm on its

27  own does not support Article III standing for the plaintiffs' damages claim." *TransUnion*, 141 S.

28  Ct. at 2213.  Plaintiff has not alleged any instances of his personal, financial, or medical



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

information being misused. "Given the holding in *TransUnion*, it is far from clear that any case finding a concrete injury based merely on an abstract risk of future identity theft following a data breach is still good law, at least with respect to a claim for damages." *Legg v. Leaders Life Ins. Co.*, No. CIV-21-655-D, 2021 U.S. Dist. LEXIS 232833, *14 (W.D. Okla. Dec. 6, 2021).

As for injunctive relief related to future identity theft, an imminent threat of future harm is necessary but lacking here. *City of Los Angeles v. Lyons*, 461 U.S. 95, 110-11 (1983). "'[T]hreatened injury must be *certainly impending* to constitute injury in fact,' and [] '[a]llegations of *possible* future injury' are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citations omitted) (emphasis in original). Where no misuse of data has occurred and the potentially affected data is not sufficiently sensitive to enable identity theft, the risk of future identity theft is speculative, not certainly impending, and implausible. *Greenstein*, 2022 U.S. Dist. LEXIS 30228, *10-15. *Greenstein* found a lack of Article III standing based on a risk of future identity theft where the only information affected included names, addresses, and driver's license numbers. *Id.*

Here, a ransom was paid specifically to preclude misuse. *See* Sullivan Decl. ¶¶ 7-9; Comp. ¶ 46; *Khan v. Child.'s Nat'l Health Sys.*, 188 F. Supp. 3d 524, 531 (D. Md. 2016) (finding data breach cases post-*Clapper* that found "standing included allegations indicating that some of the stolen data had already been misused, that there was a clear intent to use the plaintiffs' personal data for fraudulent purposes, or both"); *Legg*, 2021 U.S. Dist. LEXIS 232833, *6-11, 16 (finding speculation about future actions of cybercriminals who perpetrated a data breach does not confer standing). "The target of a ransomware attack is the holder of the confidential data; the misappropriation of the data, whether by theft or merely limitation on access to it, is generally the means to an end: extorting payment." *Graham v. Universal Health Servs.*, 539 F. Supp. 3d 481, 487 (E.D. Pa. 2021). The ransomware criminal's business model depends on them honoring their representation that any stolen information will be returned or destroyed and not misused. This is so because the first time the attacker fails to honor that promise will be the last time anyone pays a ransom to that attacker. The speculative risk of future harm from identity theft does not support standing here.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Two related injuries Plaintiff alleges are lost time spent to mitigate the risk of future identity theft and anxiety.  Comp. ¶ 21.  Because there is no present or certainly impending injury-in-fact from the risk of future identity theft, lost time spent out of fear to avoid the risk does not give rise to standing.  "[Plaintiff] cannot manufacture standing merely by inflicting harm on [himself] based on [his] fear of hypothetical future harm that is not certainly impending." *Clapper*, 568 U.S. at 416 (citations omitted).  The Supreme Court rejected litigants' attempts to manufacture standing through costs trying to assuage their fear of future harm that does not satisfy the injury-in-fact element of standing.  *Id.* at 416, 418.  "'[M]itigation expenses do not qualify as injury; the risk of identity theft must first be real and imminent, and not speculative, before mitigation costs establish injury in fact.'"  *Antman v. Uber Techs., Inc.*, No. 15-cv-01175-LB, 2018 U.S. Dist. LEXIS 793711, *22-23 (N.D. Cal. May 10, 2018).  The Supreme Court also rejected litigant's subjective fear based on speculative future harm that was not certainly impending.  *Clapper*, 568 U.S. at 417-18; *Callahan v. Ancestry*, No. 20-cv-08437-LB, 2021 U.S. Dist. LEXIS 112036, *11 (N.D. Cal. June 15, 2021) (emotional distress is not enough to confer standing in a data breach case because the threat of future identity theft must also be credible).

Plaintiff alleges the value of his PII has diminished.  He does not allege facts to support this.  "[T]o successfully demonstrate injury in fact by diminution in value of PI, Plaintiffs must 'establish both the existence of a market for her personal information and an impairment of her ability to participate in that market.'"  *Greenstein*, 2022 U.S. Dist. LEXIS 30228, *15 (citations omitted).  "Additionally, plaintiffs must demonstrate the value of their PI by showing that 'the same information, when not disclosed, has independent economic value to an individual user.'"  *Id.* at 16.  This includes plausibly alleging plaintiffs intended to sell their own information.  *Id.* This case does not involve the type of information that can be commercially monetized.  *See In re Am. Med. Collection Agency Cust. Data Sec. Breach Litig.*, No. 19-md-2904, 2021 U.S. Dist. LEXIS 240360, *46-47 (D.N.J. Dec. 16, 2021); *In re Google Privacy Policy Litig.*, No. 5:12-cv-001382-PSG, 2015 U.S. Dist. LEXIS 92736, *18 n.63 (N.D. Cal. July 15, 2015); *Legg*, 2021 U.S. Dist. LEXIS 232833, *18-19 (citing *Chambliss v. Carefirst, Inc.*, 189 F. Supp. 3d 564, 572 (D. Md. 2016)).  The only market for PII and PHI Plaintiff points to is the Dark Web.  Comp. ¶ 75.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Plaintiff admits his information is not on the Dark Web.  Comp. ¶ 46.  He does not, nor can he,

2   plausibly allege he would sell his information.  Nor does Plaintiff allege that the information that

3   was potentially affected would be of value on the Dark Web. The information at issue here is

4   innocuous.  It does not include his Social Security number, financial account information, medical

5   treatment information or anything that could be sold or present a real risk of harm.  *See* Leichliter

6   Decl. ¶¶ 10-11.

7            Plaintiff alleges harm in the form of loss of privacy.  He does not allege facts to show any

8   unauthorized individual actually viewed his information, which would be necessary for his privacy

9   to be violated.  *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig. ("In re*

10  *SAIC")*, 45 F. Supp. 3d 14, 28-29 (D.D.C. 2014) (plaintiffs who did not allege misuse of their

11  information lacked Article III injury based on privacy violation because it was speculative any

12  unauthorized person actually viewed their information); *Strom v. Paytime, Inc.*, 90 F. Supp. 3d

13  359, 368 (M.D. Pa. 2015) (alleged invasion of privacy factually unsupported where plaintiff did

14  not allege "the unidentified hacker was able to view, read, or otherwise understand the data it

15  accessed.").  Because the cybercriminals perpetrated a ransomware attack, there is no basis to

16  assume they had any intent to view information to commit future identity theft and to infer such

17  would only be speculation that cannot support standing.  *See Graham*, 539 F. Supp. 3d at 487.

18           Nor is any alleged delay in notification sufficient to confer Article III standing.

19  *Greenstein*, 2022 U.S. Dist. LEXIS 30228, *22-23 (citing cases).  Plaintiff does not allege any

20  increase in harm that resulted from purported delay in notification.

21           B.      Plaintiff Cannot Establish Traceability or Redressability Necessary for Standing

22           Traceability of any future attempted identity theft to the incident at MRIoA is lacking

23  because the information at issue could not plausibly be used to commit identity theft.  *Greenstein*,

24  2022 U.S. Dist. LEXIS 30228, *21.  Likewise, redressability is lacking.  There is no basis for

25  monetary damages because there is no present injury in fact.  There is no basis for injunctive relief

26  because the Court cannot successfully order the cybercriminals to do anything.  *Id.* at *25 (noting

27  the Court could not provide redress because any injunctive and declaratory relief would not

28  compel the hackers to return the PI to Plaintiffs.").  Further, the cybercriminals already returned

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4882-6130-7683.1                                    8                        Case No. 3:22-cv-00413
Memorandum of Points and Authorities in Support of Motion to Dismiss Or Transfer Plaintiff's Complaint

1   the information and claimed to have destroyed any copies of it as part of the ransom agreement.

2   Sullivan Decl. ¶¶ 7-9.  Future cyberattack on MRIoA is speculative.  *See Lyons*, 461 U.S. at 105-

3   06, 111 (past conduct against the victim of a police chokehold was not a basis to grant injunctive

4   relief when the same conduct occurring in future was speculative).  Whether MRIoA will ever

5   receive additional information about Plaintiff is speculative.  Whether any such information would

6   be more sensitive than the information MRIoA has pertaining to Plaintiff is speculative.  MRIoA

7   corrected the problem identified in its data security that enabled the cybercriminals to perpetrate

8   the ransomware attack, so declaratory relief would not provide redress.  Sullivan Decl. ¶ 10;

9   *Greenstein*, 2022 U.S. Dist. LEXIS 30228, *25 (the defendant had already corrected the problem

10  "by changing its policies and masking driver's license numbers in the page source code").  In

11  short, any future harm is speculative and does not support injunctive relief and any relief the Court

12  could order would not provide redress.  Plaintiff's Complaint should be dismissed in its entirety

13  with prejudice for lack of standing.

14  **VI.    PLAINTIFF LACKS STANDING TO ASSERT A NATIONWIDE CLASS**

15          Plaintiff asserts common law claims on behalf of a Nationwide Class but does not allege

16  which state's law applies.  Comp. ¶¶ 29, 91-116, 124-46, 154-67, 179-87.  To the extent Plaintiff

17  intends to assert the laws of other states as the basis for his common law claims brought on behalf

18  of out-of-state residents, he lacks standing to do so.  *Jones v. Micron Tech., Inc.*, 400 F. Supp. 3d

19  897, 909-11 (N.D. Cal. 2019).  If he is asserting these nationwide claims under California law, the

20  non-California putative class members lack standing for these California claims against the non-

21  resident defendant MRIoA.  Because the non-California putative class members did not have

22  contact with MRIoA in California, which is plausible considering Plaintiff who is a California

23  resident did not have contact with MRIoA in California or otherwise (Comp. ¶ 39), there is no

24  specific jurisdiction for them to assert California claims.  *Bristol-Myers Squibb Co. v. Superior*

25  *Court*, 137 S. Ct. 1773 (2017) (California courts lack jurisdiction over out-of-state claims by out-

26  of-state litigants against out-of-state defendants); *see Prescott v. Bayer Healthcare LLC*, 2020

27  U.S. Dist. LEXIS 113378, *9 (N.D. Cal. June 29, 2020) (noting a split in the district on the

28  application of *Bristol-Myers Squibb* to class actions); *Penikila v. Sergeant's Pet Care Prods., LLC*,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   442 F. Supp. 3d 1212, 1214 (N.D. Cal. 2020) (finding the correct procedural mechanism on the

2   issue would be a motion to strike nationwide class claims under Fed. R. Civ. P. 23(d)(1) and

3   requesting briefing on *Bristol-Myers Squibb's* application).  This issue is easily addressed by

4   granting the alternative Motion to Transfer this case to the District of Utah.

5   **VII.   PLAINTIFF'S CMIA CLAIM (COUNT II) FAILS**

6          Plaintiff attempts to allege violations of Cal. Civ. Code §§ 56.10(a) and 56.101(a) in

7   California's Confidentiality of Medical Information Act ("CMIA").  Comp. ¶¶ 117-23.

8          A.    Plaintiff Fails to Show CMIA Applies to MRIoA

9          Cal. Civ. Code § 56.10(a) only applies to "[a] provider of health care, health care services

10  plan, or contractor."  Cal. Civ. Code § 56.101(a) adds pharmaceutical companies.  CMIA provides

11  separate definitions for each of these categories of persons.  Cal. Civ. Code § 56.05 (d), (f), (k),

12  (m).[1]

13         Plaintiff asserts a conclusion that MRIoA fits within the different definitions for a provider

14  of health care, health care services plan, or contractor but fails to allege facts to show it satisfies

15  any of these definitions.  Comp. ¶ 118.  Legal conclusions are entitled to no deference.[2]  Plaintiff

16  asserts MRIoA "offers peer review services to patients, health plans, pharmacy benefits managers,

17  third party administrators, governments, and self-insured employers through the United States,

18  including in California."  Comp. ¶ 27.  There is no allegation MRIoA is licensed, certified, or

19  regulated under any of the legal provisions that would qualify it as a provider of health care or a

20  health care services plan.  Because plaintiff has failed to allege facts to show MRIoA is an entity

21  subject to the provisions of CMIA, his claim must be dismissed for this reason alone.

22         B.    Plaintiff Fails to Show His "Medical Information" Was in MRIoA's System

23         The definition of "medical information" under CMIA is narrow: "individually identifiable

24  information… regarding a patient's medical history, mental or physical condition, or treatment."

---

25  [1] A provider of health care must be licensed or certified under delineated laws, a health care
26  services plan must be regulated by the Knox-Keene Health Care Service Plan Act of 1975, and a
    contractor cannot be either of these two persons but must be "a medical group, independent
27  practice association, pharmaceutical benefits manager, or a medical service organization…"  *Id.*
    [2] He has pled MRIoA out of the contractor definition by alleging it is all three because a contractor
28  cannot be a provider of health care or a health care service plan.  Cal. Civ. Code § 56.05 (d).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Cal. Civ. Code § 56.05(i).  Plaintiff alleges he received medical care from MRIoA and in order to

2   receive that care, he had to provide MRIoA "highly sensitive personal, financial, health and

3   insurance information."  Comp. ¶¶ 16, 18.  He does not specify what "health" information he

4   provided to MRIoA and instead only alleges the conclusion it was "medical information" under

5   CMIA.  Comp. ¶ 120.  He alleges other facts that are inconsistent with these allegations and make

6   any inferences that may have been drawn from them implausible.  He admits MRIoA provides

7   peer review services to medical providers, not that MRIoA provides medical services itself.

8   Comp. ¶ 27.  He admits he did not know MRIoA had any information pertaining to him (Comp. ¶

9   39), which is inconsistent with his claim he provided "health" information to MRIoA.  Without

10  facts showing his medical information relating to "medical history, mental or physical condition,

11  or treatment" was actually involved, he fails to allege a CMIA claim.

12          C.      No Disclosure of Plaintiff's Medical Information Is Alleged

13          CMIA states specified entities "shall not disclose medical information regarding a

14  patient… without first obtaining an authorization, except as provided in subdivision (b) or (c)."

15  Cal. Civ. Code § 56.10(a).  "Disclose" under this section of CMIA requires an affirmative act of

16  communication.  *Regents of Univ. of California v. Superior Court*, 220 Cal. App. 4th 549, 564-67

17  (2013) ("*Regents*") (finding disclose and release are not synonymous and to hold otherwise would

18  render redundant the differences between statutory §§ 56.10(a) and 56.35 contrasted with §§

19  56.101(a) and 56.36; *Sutter Health v. Superior Court*, 227 Cal. App. 4th 1546, 1555-56 (2014)

20  (finding § 56.10 allowed certain disclosures implying the word required an affirmative act of

21  communication and a thief stealing a computer with medical information did not equate to a

22  disclosure of medical information).  Plaintiff makes no effort to differentiate between disclosure

23  and release of information and only alleges the conclusion that MRIoA "disclosed 'medical

24  information'" through its alleged "failure to adequately detect, protect, and prevent unauthorized

25  disclosure."  Comp. ¶ 120.  This is not an allegation of an affirmative act of communication as is

26  required for a disclosure but rather a failure to prevent cybercriminals' infiltration.  Thus, he fails

27  to allege the disclosure necessary for a violation of § 56.10(a) and this claim must be dismissed.

28          D.      No Unauthorized Viewing of Plaintiff's Medical Information Is Alleged


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

CMIA states a specified entity "who creates, maintains, preserves, stores, abandons, destroys, or disposes of medical information shall do so in a manner that preserves the confidentiality of the information contained therein."  Cal. Civ. Code § 56.101(a).  California courts hold that a violation of this section requires pleading the confidentiality of plaintiff's medical information was actually breached by an unauthorized individual actually viewing it. *Sutter Health*, 227 Cal. App. 4th at 1550, 1555 (granting writ of mandate and directing the trial court to sustain the defendant's demurrer without leave to amend); *Regents*, 220 Cal. App. 4th at 570 (same).  "No breach of confidentiality takes places until an unauthorized person views the medical information."  *Sutter Health*, 227 Cal. App. 4th at 1557.  The *Sutter Health* court found allegations that a thief stole a laptop with medical information was only a "change of possession [that] increased the risk of a confidentiality breach. But the Confidentiality Act does not provide for liability for increasing the risk of a confidentiality breach."  *Id.*  Here, the ransomware attack only amounts to allegations at most of possession of information that increased the risk of a breach of confidentiality. There is no allegation that Plaintiff's information was actually viewed by the cybercriminal.  Comp. ¶¶ 38 n.4, 121-22, ("On November 16, 2021, to the best of its ability and knowledge, MRIoA retrieved and subsequently confirmed the deletion of the obtained information."[3]).  Nor can such an inference be made where Plaintiff has not alleged his medical information was misused.  *Regents*, 220 Cal. App. 4th at 570 ("Because no one (except perhaps the thief) knows what happened to the encrypted external hard drive and the password for the encrypted information, [plaintiff] cannot allege her medical records were, in fact, viewed by an unauthorized individual.").  Thus, no breach of confidentiality of Plaintiff's medical information is shown and this claim must be dismissed.

## VIII.   PLAINTIFF'S NEGLIGENCE CLAIM FAILS FOR LACK OF COMPENSABLE INJURY

### A.    The Economic Loss Doctrine Bars Plaintiff's Negligence Claim

Physical harm in the form of personal injury or property damage is generally required for a

---

[3] Comp. ¶¶ 38 n.4 (citing https://apps.web.maine.gov/online/aeviewer/ME/40/8de68304-84d8-4c9c-bf36-c2de1b461e70.shtml).  A link to a copy of a pdf of the notice which contains the quoted language is available at the website Plaintiff cited.  *Id.* (last accessed May 24, 2022).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   negligence claim to be cognizable.  *In re Sony Gaming Networks & Customer Data Sec. Breach*

2   *Litig.*, 903 F. Supp. 2d 942, 961 (S.D. Cal. Oct. 11, 2012) ("*In re Sony I*") (citing *N. Am. Chem.*

3   *Co. v. Super. Ct.*, 59 Cal. App. 4th 764, 777 (1997)).  "The economic loss doctrine has been

4   applied in various contexts," including when tort claims arise from an underlying contract.   *Sheen*

5   *v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 922, 923 (2022) (citing cases).  "In the absence of (1)

6   personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the

7   parties, or (4) some other common law exception to the rule, recovery of purely economic loss is

8   foreclosed."  *Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys.*, 315 F. App'x 603, 605 (9th Cir. 2008)

9   (citing *J'Aire Corp v. Gregory*, 24 Cal. 3d 799 (1979)).  Plaintiff's alleged injuries are only

10   economic in nature.  Comp. ¶¶ 21-25, 114-15.  Lost time is economic loss especially when alleged

11   to be "lost opportunities" or "loss of productivity," which is what Plaintiff alleges.  *Gardiner v.*

12   *Walmart, Inc.*, No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 75079, *23-24 (N.D. Cal. Mar. 5,

13   2021) (*Gardiner I*) (citing cases); Comp. ¶ 114.  Plaintiff does not allege property damages or

14   physical injury and alleging anxiety does not overcome the economic loss doctrine.  *Erlich v.*

15   *Menezes*, 21 Cal. 4th 543, 551-58 (1999).

16         Plaintiff asserts a special relationship with MRIoA.  Comp. ¶ 100.  The special relationship

17   factors are listed in *J'Aire Corp.*, 24 Cal. 3d at 804.  They are the same as the factors in *Biakanja*

18   *v. Irving*, 49 Cal. 2d 647 (1958).  *Sheen*, 12 Cal. 5th at 940 (citing *Aas v. Sup. Ct.*, 24 Cal. 4th 627,

19   645-46 (2000)).  The California Supreme Court recently explained these factors do not apply to

20   establish a duty of care in negligence when the parties are in contractual privity and the tort claim

21   arises from the contract.  *Sheen*, 12 Cal. 5th at 936-42.  Plaintiff alleges an implied contract exists

22   between himself and MRIoA that had the same obligation to provide adequate data security

23   alleged to be the basis of his negligence claim.  Comp. ¶¶ 91-116, 154-62.  His negligence claim is

24   thus barred by the economic loss doctrine recently affirmed in *Sheen* and must be dismissed.[4]

25   _____

26   [4] Even if applied, Plaintiff fails to allege a special relationship which some courts have rejected in
data security cases.  *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F.
Supp. 2d 942, 972 (S.D. Cal. Jan. 21, 2014) (*In re Sony II*) (citing cases); *Gardiner v. Walmart,*

27   *Inc.*, No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 211251, *18 (N.D. Cal. July 28, 2021);
*Whitesides v. E*TRADE Sec., LLC*, No. 20-cv-05803-JSC, 2021 U.S. Dist. LEXIS 46082, *19-20

28   (N.D. Cal. Mar. 11, 2021) (citing *S. Cal. Gas Leak Cases*, 7 Cal. 5th 391, 400, 403, 407 (2019)).


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    B.    Plaintiff's Negligence Claim Fails for Lack of Injury and Damages

2        The elements of a negligence claim are duty, breach, injury, causation, and damages.  *In re*

3    *Sony I*, 903 F. Supp. 2d at 959-60, 962 (citations omitted).  Injury and damages are unsupported.

4        Plaintiff's alleged anxiety and concern do not save his negligence claim.  Comp. ¶ 23.

5    "California courts have limited emotional suffering damages to cases involving either physical

6    impact and injury to plaintiff or intentional wrongdoing by defendant."  *Branch v. Homefed Bank*,

7    6 Cal. App. 4th 793, 800 (1992).  There is generally no duty to protect a plaintiff from emotional

8    distress and even when such a duty has been assumed by the defendant, "with rare exceptions, a

9    breach of the duty must threaten physical injury, not simply damage to property or financial

10    interests."  *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984-85 (citations omitted).

11    Damages for emotional distress are not "available in every case in which there is an independent

12    cause of action founded upon negligence."  *Erlich v. Menezes*, 21 Cal. 4th 543, 554 (1999)

13    (citation omitted).  "[M]oreover, a preexisting contractual relationship, without more, will not

14    support a recovery for mental suffering where the defendant's tortious conduct has resulted only in

15    economic injury to the plaintiff."  *Id.* at 554-55.  The Ninth Circuit in a data breach case recently

16    affirmed similar reasoning as a basis to dismiss negligence, negligent misrepresentation, and

17    breach of implied contract claims under Nevada law.  *Pruchnicki v. Envision Healthcare Corp.*,

18    845 F. App'x 613, 614 (9th Cir. 2021) (finding plaintiff "did not assert the existence of any

19    physical injury or illness" making her alleged emotional distress insufficient).  No physical injury

20    is alleged which dooms Plaintiff's emotional distress injury and damages.

21        Plaintiff alleges injury in the form of loss of privacy, but she does not show that any injury

22    resulted from loss of privacy.  Comp. ¶ 115.  Invasion of privacy is a tort in California and allows

23    for recovery of emotional distress damages, unlike negligence as discussed above.  *Miller v. Nat'l*

24    *Broadcasting Co.*, 187 Cal. App. 3d 1463, 1484-85 (1986) (citing cases); *In re iPhone Application*

25    *Litig.*, 844 F. Supp. 2d 1040, 1063-64 (N.D. Cal. 2012) (analyzing invasion of privacy and

26    negligence claims separately and dismissing negligence claim with prejudice for lack of injury

27    despite allegations of disclosure of personal information).

28        Nor are Plaintiff's alleged lost time or loss in value of his PII sufficient to establish injury

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4882-6130-7683.1                          14                          Case No. 3:22-cv-00413
Memorandum of Points and Authorities in Support of Motion to Dismiss Or Transfer Plaintiff's Complaint

1   and damages.  Comp. ¶¶ 21-22.  In *Pruchnicki*, the Ninth Circuit upheld dismissal of a negligence

2   claim finding allegations of lost time were not shown to be legally sufficient and had been

3   recognized by some courts in the Circuit only if "accompanied by out-of-pocket expenses."  845

4   F. App'x at 614 (citation omitted).  Plaintiff does not allege out-of-pocket expenses.  The Ninth

5   Circuit rejected allegations of loss of value in PII because even though the plaintiff had shown

6   personal information "may have value in general," she had not shown "that *her* personal

7   information actually lost value," and agreed with the findings of several district courts "that the

8   'mere misappropriation of personal information' does not establish compensable damages."  *Id.*

9   (citation omitted) (emphasis in original); *Gardiner v. Walmart, Inc.*, No. 20-cv-04618-JSW, 2021

10  U.S. Dist. LEXIS 211251, *6-8 (N.D. Cal. July 28, 2021) (*Gardiner II*) (finding allegations of loss

11  in value of PII did not support damages elements for negligence, UCL, or breach of contract

12  claims).  Plaintiff has not shown his personal information actually lost value.

13          Risk of future harm does not support a negligence claim.  Comp. ¶ 24; *Ruiz v. Gap, Inc.*,

14  380 F. App'x 689, 691 (9th Cir. 2010) (finding threat of future harm alleged in a data breach case

15  was not an actual injury sufficient to support a negligence claim).  Plaintiff's negligence claim

16  must be dismissed for lack of compensable injury or damages.

17  **IX.    PLAINTIFF FAILS TO ALLEGE AN INVASION OF PRIVACY CLAIM**

18          There are four types of an invasion of privacy claim, but only intrusion upon seclusion

19  appears to be at issue.  *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051,

20  1062-63 (C.D. Cal. Aug. 4, 2009).  Intrusion upon seclusion requires: "(1) the defendant

21  intentionally intruded, physically or otherwise, upon the solitude or seclusion, private affairs or

22  concerns of the plaintiff; (2) the intrusion was substantial, and of a kind that would be highly

23  offensive to an ordinarily reasonable person; and (3) the intrusion caused the plaintiff to sustain

24  injury, damage, loss or harm."  *Id.* (quoting *Joseph v. J.J. Mac Intrye Cos.*, 238 F. Supp. 2d 1158,

25  1169 (N.D. Cal. 2002)).  "To prove actionable intrusion, the plaintiff must show the defendant

26  penetrated some zone of physical or sensory privacy surrounding, or otherwise obtained unwanted

27  access to data about, the plaintiff."  *Shulman v. Grp. W. Prods., Inc.*, 18 Cal. 4th 200, 232 (1998).

28          Plaintiff alleges his privacy was intruded upon because a cybercriminal gained access to


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  data MRIoA had pertaining to him.  Comp. ¶¶ 128-31.  He does not allege MRIoA intruded upon

2  his information but that a third party cybercriminal did.  He does not and cannot establish the first

3  element against MRIoA.  He fails to allege the second element because he does not state what

4  information MRIoA had pertaining to him such that any intrusion could be deemed highly

5  offensive.  Comp. ¶ 39.  "Even disclosure of personal information, including social security

6  numbers, does not constitute an 'egregious breach of the social norms' to establish an invasion of

7  privacy claim."  *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. July 12, 2012)

8  (citing cases).  Nor can he show the third element because he cannot show the cybercriminal

9  actually viewed his information.  Sec. VII.D.  This claim must be dismissed.

10  **X.      THE BREACH OF CONFIDENCE CLAIM FAILS FOR LACK OF NOVELTY AND DISCLOSURE**

11          The elements of a breach of confidence claim are:

12          (1) the plaintiff conveyed 'confidential and novel information' to the defendant; (2)
          the defendant had knowledge that the information was being disclosed in
13          confidence; (3) there was an understanding between the defendant and the plaintiff
          that the confidence be maintained; and (4) there was a disclosure or use in violation
14          of the understanding.

15  *Wilder v. CBS Corp.*, No. 2:12-cv-8961-SVW-RZ, 2013 U.S. Dist. LEXIS 190059, *10-11 (C.D.

16  Cal. Feb. 13, 2013).  Proximate cause and damages are also elements.  *Tele-Count Eng'rs, Inc. v.*

17  *Pac. Tel. & Tel. Co.*, 168 Cal. App. 3d 455, 461 (1985).

18          Plaintiff cannot satisfy the first element for two reasons.  First, he only alleges his PII was

19  confidential, not that it was novel.  Comp. ¶ 137.  Both confidentiality and novelty are required.

20  *Id.* at 462 (citing cases).  Second, a breach of confidence claim is about protecting ideas, not PII.

21  "An action for breach of confidence… arises whenever an idea, offered and received in

22  confidence, is later disclosed without permission."  *Davies v. Krasna*, 14 Cal. 3d 502, 510 (1975).

23          Nor can Plaintiff satisfy the fourth element.  Plaintiff only alleges cybercriminals gained

24  unauthorized access to PII.  Comp. ¶ 142.  This is not the same as disclosure or use by MRIoA.

25  Courts recognize the definition of disclosure requires an affirmative act and have dismissed breach

26  of confidence claims in data breach cases for lack of disclosure premised on alleged inadequate

27  data security.  *In re Ambry Genetics Data Breach Litig.*, No. SACV 20-00791-CJC (KESx), 2021

28  U.S. Dist. LEXIS 204358, *25-27 (C.D. Cal. Oct. 18, 2021) (citations omitted); *In re Brinker*


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    *Data Incident Litig.*, 2020 U.S. Dist. LEXIS 247918, *63.  This claim must be dismissed.

2    **XI.**      **PLAINTIFF'S INFORMATION PRACTICES ACT CLAIM DOES NOT APPLY TO MRIOA**

3        Plaintiff's fifth cause of action cites and relies upon Cal. Civ. Code §§ 1798.21 and

4    1798.47.  Comp. ¶¶ 147-53.  These two sections only apply to California state agencies.  "Each

5    agency shall establish appropriate and reasonable … safeguards … to ensure the security and

6    confidentiality of records…"  Cal. Civ. Code § 1798.21.  "Any agency that fails to comply with

7    any provision of this chapter may be enjoined by any court of competent jurisdiction."  Cal. Civ.

8    Code § 1798.47.  "Agency" is defined as "every state office, officer, department, division, bureau,

9    board, commission, or other state agency, except that the term agency shall not include…"  Cal.

10    Civ. Code § 1798.3(b).  MRIoA is not a state agency.  *See* Comp. ¶ 26.  This claim fails.

11    **XII.**      **THE BREACH OF IMPLIED CONTRACT CLAIM FAILS**

12        A breach of implied contract claim requires an enforceable contract, plaintiff's

13    performance or excused nonperformance, defendant's breach, and damages.  *Stanford Health Care*

14    *v. Blue cross Blue Shield of N.C., Inc.*, No. 21-cv-04598-BLF, 2022 U.S. Dist. LEXIS 11482, *14

15    (N.D. Cal. Jan. 21, 2022) (citation omitted).  The existence of an implied contract is manifested by

16    conduct "including mutual assent or offer and acceptance."  *Id.* (quoting *Northstar Fin. Advisors*

17    *Inc. v. Schwab Investments*, 779 F.3d 1036, 1050-51 (9th Cir. 2015)).  Whether the manifested

18    conduct evidences formation of a contract is determined using an objective standard in relation

19    only to outward manifestations.  *Id.* at *14-15 (citations omitted).  Subjective or unexpressed

20    intentions are disregarded.  *Id.*  Plaintiff fails to allege each of the required elements.

21        Plaintiff alleges, "[a]s a condition of being direct customers/patients/employees of

22    [MRIoA]," he provided his information to MRIoA and MRIoA "agreed to safeguard and protect

23    such non-public information..." and provide notification of any compromise of the information.

24    Comp. ¶ 158.  He alleges "[a] meeting of the minds occurred" when he gave his information to

25    MRIoA "in exchange for, among other things, the protection of [his] PHI/PII and financial

26    information."  Comp. ¶ 159.  He states he performed under the contract, MRIoA breached, and he

27    suffered harm.  Comp. ¶¶ 160-62.  These allegations are either contradicted by Plaintiff's other

28    allegations or are legal conclusions that should be disregarded.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4882-6130-7683.1           17          Case No. 3:22-cv-00413

Memorandum of Points and Authorities in Support of Motion to Dismiss Or Transfer Plaintiff's Complaint

1    Plaintiff does not allege formation of a contract with a data security term.  Despite his

2    assertion, he does not allege he was a customer or an employee of MRIoA and he could not be a

3    patient because MRIoA is not a health care provider.  *See* Comp. ¶¶ 16, 27, 39.  He could not have

4    provided his information as a condition of being a direct customer, patient, or employee.  Whether

5    a meeting of the minds occurred is a legal conclusion, but Plaintiff does not explain what offer and

6    acceptance or mutual assent to a term of data security was reached through his providing his PII to

7    MRIoA and MRIoA accepting it.  "Under basic contract law 'an offer must be sufficiently

8    definite, or must call for such definite terms in the acceptance that the performance promised is

9    reasonably certain.'"  *Ladas v. California State Auto. Assn.*, 19 Cal. App. 4th 761, 770 (1993).

10   Such vague allegations have been rejected in data breach cases.  *Krottner*, 406 F. App'x at 131 (no

11   implied contract where plaintiffs did not see the documents they based the alleged offer of data

12   security on and where their acceptance was of a "specific offer to encrypt and otherwise safeguard

13   their personal data" the documents did not include); *see Lovell v. P.F Chang's China Bistro, Inc.*,

14   No. C14-1152RSL, 2015 U.S. Dist. LEXIS 112101, *10-11 (W.D. Wash. Mar. 27, 2015) (no

15   evidence "the parties mutually intended to bind defendant to specific cybersecurity obligations").

16   Nor does Plaintiff allege his performance, MRIoA's breach, or damages.  Plaintiff alleges

17   he provided his PII but contradicts this by his admission he did not know MRIoA had his

18   information.  Comp. ¶ 39.  This shows even under his theory, he did not perform because he did

19   not provide his information to MRIoA.  MRIoA could not have breached a promise to provide a

20   specific level of data security that was never mutually agreed to by the parties.  Finally, he alleges

21   no contractual damages, which requires actual damages.  *Pruchnicki*, 845 F. App'x at 614-15

22   (affirming dismissal of breach of implied contract claim in a data breach case for lack of

23   compensable injury); *Huynh v. Quora, Inc.*, 2019 U.S. Dist. LEXIS 235733, *26-28 (N.D. Cal.

24   Dec. 19, 2019) (dismissing breach of implied contract claim for lack of damages because nominal

25   damages do not suffice, lost benefit of the bargain damages were not sufficiently alleged, and

26   plaintiff had not suffered identity theft); *Gardiner I*, 2021 U.S. Dist. LEXIS 75079, at *9-19

27   (same).  Lost time does not suffice either.  *Pruchnicki*, 845 F. App'x at 614.  Nor does emotional

28   distress.  *See id.*; *Erlich v. Menezes*, 21 Cal. 4th 543, 558 (1999) (citations omitted) ("Accordingly,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4882-6130-7683.1                                18                         Case No. 3:22-cv-00413
Memorandum of Points and Authorities in Support of Motion to Dismiss Or Transfer Plaintiff's Complaint

1  damages for mental suffering and emotional distress are generally not recoverable in an action for

2  breach of an ordinary commercial contract in California."). This claim must be dismissed.

### XIII.  THE BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM FAILS

4         An implied covenant of good faith a fair dealing only exists if a legally enforceable

5  contract exists. *Moore v. Hagert Ins. Agency, LLC*, 2020 U.S. Dist. LEXIS 246802, *14-15 (N.D.

6  Cal. May 1, 2020) (citations omitted). Plaintiff bases his implied covenant on his implied

7  contract. *See* Comp. ¶¶ 163-67. Because he failed to show the existence of an implied contract,

8  this claim must also fail.

9         This claim fails for the separate reason that it is based on the same conduct as the breach of

10 implied contract claim. Comp. ¶¶ 154-67. To the extent he intends to seek tort damages under

11 this claim, they are unavailable. *Cates Construction, Inc. v. Talbot Partners*, 21 Cal. 4th 28, 43

12 (1999). If he only seeks contract damages, this claim is duplicative of his breach of implied

13 contract claim. "[T]he authorities hold that breach of the implied covenant of good faith and fair

14 dealing involves something beyond breach of the contractual duty itself." *California Shoppers,*

15 *Inc. v. Royal Globe Ins. Co.*, 175 Cal. App. 3d 1, 54 (1985). Plaintiff "must go further by alleging

16 'a failure or refusal to discharge contractual responsibilities, prompted not by honest mistake, bad

17 judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the

18 agreed common purposes…'" *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 865 (N.D. Cal.

19 Apr. 11, 2011) (quoting *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d

20 1371, 1395 (1990)). The court in *Claridge* dismissed the breach of implied covenant claim

21 because the plaintiff only alleged conclusions of deliberate acts. 785 F. Supp. 2d at 865-66. Here,

22 Plaintiff only makes the same allegations as his faulty breach of implied contract claim plus the

23 conclusion of "bad faith and/or [] malicious motive." Comp. ¶ 167. This claim fails.

### XIV.  PLAINTIFF'S UCL CLAIMS MUST BE DISMISSED BECAUSE HE LACKS STATUTORY

       STANDING, IT EXCEEDS THE COURT'S EQUITABLE AUTHORITY, AND LACKS FACTS

26        Statutory standing for a UCL claim requires showing injury in the form of lost money or

27 property. Cal. Bus. & Prof. Code § 17204. Plaintiff does not allege any specific injury under this

28 claim that satisfies this element. Comp. ¶¶ 168-78. The injuries that fail to support Article III


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    standing certainly do not support the actual lost money or property required for this claim.  Comp.

2    ¶¶ 21-24.  "[A] decline in the present or future value of PII is not a loss of money or property."

3    *Huynh*, 2019 U.S. Dist. LEXIS 235733, at *19 (dismissing UCL claim in a data breach case for

4    failure to allege lost money or property); *Gardiner I*, 2021 U.S. Dist. LEXIS 75079, at *10-11, 21-

5    22 (finding allegations of unspecified stolen PII and existence of a market to sell PII insufficient to

6    support damages for a UCL claim).  Risk of future identity theft does not support UCL standing.

7    *Gardiner I*, 2021 U.S. Dist. LEXIS 75079, at *12-15.  Plaintiff alleges no actual out-of-pocket

8    expenses, which also renders his allegations of lost time insufficient to show lost money or

9    property.  *See id.* at *15-16; *Pruchnicki*, 845 F. App'x at 614 (lost time not cognizable injury for

10   negligence or breach of implied contract and "several district courts in this Circuit have declined

11   to recognize [lost time] damages unless accompanied by out-of-pocket expenses.").  While

12   Plaintiff requests *inter alia* "refunds of moneys" (Comp. ¶ 178), he does not allege he paid money

13   that could be refunded.  Further, any money or property plaintiff alleges is lost must be "as a result

14   of the unfair competition."  Cal. Bus. & Prof. Code § 17204.  Plaintiff does not allege facts to

15   show he had business dealings with MRIoA and admits the opposite.  *Kwikset Corp. v. Superior*

16   *Court*, 51 Cal. 4th 310, 320-21 (2011) (explaining changes in who is authorized to bring a UCL

17   claim); Comp. ¶ 39.  This claim must be dismissed for lack of statutory standing.

18         Plaintiff's UCL claim fails because he does not allege he lacks an adequate legal remedy.

19   *Gardiner I*, 2021 U.S. Dist. LEXIS 75079, at *19-21.  The UCL only authorizes equitable

20   remedies.  *Id.* at *19.  "The Ninth Circuit found 'that the traditional principles governing equitable

21   remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a

22   party requests restitution under the UCL and CLRA in a diversity action.'"  *Id.* at *19-20 (quoting

23   *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 843-44 (9th Cir. 2020).  "*Sonner* has been

24   extended to claims for injunctive relief."  *Id.* at *20 (citing cases).  Plaintiff does not allege he

25   lacks an adequate legal remedy, only that the UCL allows for cumulative remedies.  Comp. ¶ 177.

26   This is irrelevant to the type of relief a federal court is authorized to provide.  "At bottom, '[t]hat a

27   State may authorize its courts to give equitable relief unhampered by' the 'restriction[]' that an

28   adequate remedy at law be unavailable 'cannot remove th[at] fetter[] from the federal courts.'"



1   *Sonner*, 971 F.3d at 843-44 (citation omitted).  This claim must be dismissed.

2        Substantively, Plaintiff's claims under the UCL for unfair, unlawful, and fraudulent

3   business practices fail for lack of sufficient facts for reasons similar to those discussed throughout

4   this brief.  His allegations are conclusory and contradictory.

5        Plaintiff's claim based on fraud is subject to the heightened pleading standard of Rule 9(b).

6   *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  Plaintiff fails to meet that

7   standard.  He alleges nothing about what MRIoA did to induce him to engage in any conduct or

8   that he relied on anything.  He does not allege any misrepresentations, only that allegedly

9   inadequate data security and failure to disclose such is an unfair practice.  Comp. ¶ 172.  He fails

10  to show a duty to disclose or that if a disclosure had occurred, he would have known and changed

11  his behavior.  *See Daniel*, 806 F.3d at 1225-26.  He admits he did not know MRIoA had his

12  information.  Comp. ¶ 39.  If he did not provide his information to MRIoA or know about MRIoA,

13  then MRIoA could not have done anything to induce him to engage in conduct that resulted in his

14  harm and there is no basis to infer any disclosure would have reached him.  This claim is

15  implausible and does not even satisfy Rule 8(a).  Fraud also requires intent to induce reliance but

16  Plaintiff only alleges the conclusion that MRIoA knew or should have known its data security was

17  insufficient.  Comp. ¶ 173.  Conclusions are entitled to no deference.

18       Plaintiff's unfair claim is based on the same conduct as his fraudulent claim, so it likewise

19  fails.  *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 910 (N.D. Cal. 2020) (citations omitted).

20       Plaintiff's unlawful UCL claim fails because it lacks a predicate law violation.  He cites to

21  HIPAA but fails to show a HIPAA violation.  Comp. ¶ 172.  He references violations of other

22  "legal mandates cited herein" (Comp. ¶ 172), but his other legal claims all fail to state a claim.

23       In short, Plaintiff's UCL claim wholly fails and must be dismissed.

24  **XV.  PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS**

25       "[I]n California, there is not a standalone cause of action for 'unjust enrichment,' which is

26  synonymous with 'restitution'."  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir.

27  2015).  While the Ninth Circuit held in 2015 "a court 'may construe the cause of action as a quasi-

28  contract claim seeking restitution'" (*id.* (citation omitted)), California Courts of Appeal since

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   disagree.  *See Abuelhawa v. Santa Clara Univ.*, No. 20-CV-0405-LHK, 2021 U.S. Dist. LEXIS

2   61263, *24-28 (N.D. Cal. Mar. 29, 2021) (reviewing California appellate court cases after 2015

3   finding unjust enrichment is not a claim); *Klein v. Facebook, Inc.*, No. 20-CV-08570-LHK, 2022

4   U.S. Dist. LEXIS 8081, *199 (N.D. Cal. Jan. 14, 2022).  The Ninth Circuit requires that courts

5   "sitting in diversity 'must follow the intermediate appellate courts of the state unless there is

6   convincing evidence that the highest court of the state would decide differently.'"  *Id.* (citing

7   *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1222 (9th Cir. 2015)).  This claim should be dismissed.

8       Alternatively, this claim lies in equity and should be dismissed because Plaintiff fails to

9   allege he lacks an adequate legal remedy.  *Gardiner II*, 2021 U.S. Dist. LEXIS 211251, *19-21

10  (applying reasoning from order dismissing UCL claim in initial complaint to unjust enrichment

11  claim in first amended complaint).  Nor does Plaintiff allege facts to support he conferred a benefit

12  on MRIoA or failed to receive the benefit of his bargain because he did not give anything to

13  MRIoA, including his information, or pay for any services.  Comp. ¶¶ 39, 185.  This claim fails.

14  **XVI.   MOTION TO TRANSFER ARGUMENT**

15      The first question in analyzing a motion to transfer is whether the case could have been

16  brought in the transferee district which requires the transferee court have (1) subject matter

17  jurisdiction, (2) personal jurisdiction over the defendant, and (3) that venue is proper.  *Esquer v.*

18  *Stockx, LLC*, No. 19-CV-05933-LHK, 2020 U.S. Dist. LEXIS 112493, *6-7 (N.D. Cal. June 26,

19  2020) (citation omitted).  If the Court does not dismiss the Complaint pursuant to Rule 12(b)(1),

20  diversity jurisdiction and the Class Action Fairness Act provide the District of Utah with the same

21  subject matter jurisdiction this Court has.  *See* Comp. ¶ 10; *Peters*, 2018 U.S. Dist. LEXIS 6139,

22  *5 (citing 28 U.S.C. § 1332(d)).  MRIoA has its principal place of business in Utah and is subject

23  to personal jurisdiction in the District of Utah.  Comp. ¶ 26.  Venue is proper in the District of

24  Utah because MRIoA is the only defendant and resides in Utah.  28 U.S.C. § 1391(b)(1).  Thus,

25  the case could have been brought in the District of Utah.  *See* 28 U.S.C. § 1404(a).

26      The second part of the inquiry involves weighing the factors related to the convenience of

27  the parties, the convenience of the witnesses, and the interests of justice.  *Esquer*, 2020 U.S. Dist.

28  LEXIS 112493, *9.  While a plaintiff's choice of forum is generally afforded great weight, this is



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   not the case when the case is a class action or when the operative facts occurred outside of the

2   chosen forum.  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  Although Plaintiff resides in

3   the forum, the putative nationwide class does not and the facts giving rise to this case allegedly

4   involving inadequate data security pertain to an entity in Utah and thus predominantly occurred in

5   Utah.  Thus, this factor "is entitled to only minimal consideration."  *Id.*

6          The convenience of the parties and witnesses factors weigh in favor of transfer.  "To

7   evaluate convenience to witnesses, 'courts must consider not only the number of witnesses, but

8   also the nature and quality of their testimony.'"  *Esquer*, 2020 U.S. Dist. LEXIS 112493, *12

9   (citation omitted).  Plaintiff resides in California but has minimal knowledge of the facts giving

10  rise to this case.  Comp. ¶¶ 14, 39.  In contrast, MRIoA has its principal place of business in Utah

11  and "[m]ost senior executives and MRIoA IT personnel who were involved in responding to the

12  data security incident are based in Utah."  Sullivan Decl. ¶¶ 3, 12-13.  There are also five other

13  class actions pending consolidation in the District of Utah.  The inconvenience to MRIoA of

14  having to litigate in multiple forums is high. Transfer would lower litigation and travel costs.

15  *Esquer*, 2020 U.S. Dist. LEXIS 112493, *14-15.  If this case is consolidated with the others,

16  Plaintiff's counsel would have the convenience of sharing the burden of discovery with other

17  plaintiffs' counsel.  *Id.*

18         The ease of access to evidence factor is neutral where the evidence will mostly be

19  electronically stored information.  *Esquer*, 2020 U.S. Dist. LEXIS 112493, *15-16 (citations

20  omitted).  The familiarity of each forum with applicable law factor is neutral.  There are three

21  California statutory claims in this case which this Court is likely more familiar with because it sits

22  in California.  However, federal courts are regularly tasked with handling state law claims and

23  both federal courts can apply California law.  *Id.* at *19-20.  Additionally, there are common law

24  claims brought on behalf of a putative nationwide class. The Complaint is unclear on which state's

25  law Plaintiff contends govern or whether multiple state's laws would apply to these claims.

26         The factor of feasibility of consolidation for the sake of judicial economy weighs heavily

27  in favor of transfer.  "The feasibility of consolidation is a significant factor in a transfer decision,

28  although even the pendency of an action in another district is important because of the positive

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  effects it might have in possible consolidation of discovery and convenience to witnesses and

2  parties." *Esquer*, 2020 U.S. Dist. LEXIS 112493, *20 (quoting *A. J. Industries, Inc. v. United*

3  *States Dist. Court for Cent. Dist.*, 503 F.2d 384, 389 (9th Cir. 1974)).  There are five related class

4  actions with plaintiffs from five different states filed in the District of Utah with allegations and

5  claims arising from the same data security incident alleged in this case.[5]  There is a pending

6  motion to consolidate these cases.[6]  One of these cases was originally filed in the Northern District

7  of Illinois and was voluntarily dismissed without prejudice by Plaintiff Dean and re-filed in the

8  District of Utah.[7]  Thus, transferring this case to the District of Utah would make consolidation of

9  this case with the five others possible allowing for conservation of party and judicial resources.

10  *Esquer*, 2020 U.S. Dist. LEXIS 112493, *20-24 (finding possibility of consolidation weighed

11  "strongly in favor of transfer").  It would also avoid potentially inconsistent rulings on the same

12  issues.  *Id.* at *21 (citation omitted).

13         The local interest in the controversy factor weighs in favor of transfer.  MRIoA is

14  headquartered in the District of Utah and employs Utah residents.  Utah has a greater interest in

15  deciding issues relating to MRIoA's business practices.  *Pierce-Nunes v. Toshiba Am. Info. Sys.*,

16  2014 U.S. Dist. LEXIS 129641, *18 (N.D. Cal. Sept. 14, 2014).  Other than Plaintiff residing in

17  the Northern District of California, there are no facts that tie any of the allegations in this case to

18  the Northern District of California.  While California has an interest in protecting its residents,

19  Plaintiff asserts a nationwide class as do the five related class actions pending in the District of

20  Utah with name plaintiffs from five other states.[8]

21         The relative court congestion and trial time in each forum factor weighs in favor of

22  transfer.  For the Northern District of California, the December 31, 2021 reported total filings was

23  _____

24  [5] *White v. Medical Review Institute of America, LLC*, No. 2:22-cv-00082-DAK-DAO (D. Utah);
   *Purvis v. Medical Review Institute of America, LLC*, No. 2:22-cv-00099-DAK-DBP (D. Utah);

25  *Amer v. Medical Review Institute of America, LLC*, No. 2:22-cv-00132-DAK-DBP (D. Utah);
   *Thornton v. Medical Review Institute of America, LLC*, No. 2:22-cv-00181-BSJ (D. Utah); and

26  *Dean v. Medical Review Institute of America, LLC*, No. 2:22-cv-00226-TS-DAO (D. Utah).
   [6] *White*, No. 2:22-cv-00082-DAK-DAO, Dkt. No. 10 (D. Utah Mar. 30, 2022).

27  [7] *Dean v. Medical Review Institute of America, LLC et al.*, No. 1:22-cv-00619-JZL, Dkt. No. 18
   (N.D. Ill. Mar. 25, 2022).

28  [8] *See* note 5 *supra*.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

10,990, total filings per judgeship was 785, and weighted filings per judgeship was 816.[9]  The statistics for the District of Utah were significantly less with reported total filings of 2,193, total filings per judgeship of 439, and weighted filings per judgeship of 455.[10]  The median time from filing to disposition for civil cases was slightly lower in the Northern District of California at 8.9 months than in the District of Utah at 12.4 months.[11]  A three to four month difference is marginal. *Laguardia v. Designer Brands, Inc.*, 2020 U.S. Dist. LEXIS 88142, *23-25 (S.D. Cal. May 7, 2020).  This district appears to be slightly more efficient, but it has almost twice the case load per judge than does the District of Utah.  Thus, this factor should weigh in favor of transfer.

Considering all of these factors together, the convenience of the parties and witnesses and the interests of justice would be served by transferring this case to the District of Utah.

## XVII. CONCLUSION

For the foregoing reasons, MRIoA respectfully requests the Court dismiss Plaintiff's complaint with prejudice for lack of Article III standing.  Alternatively, MRIoA requests the Court dismiss Plaintiff's claims under Rule 12(b)(6).  Finally, if the Court does not dismiss Plaintiff's Complaint with prejudice, MRIoA requests the Court transfer this case to the District of Utah.

DATED:  May 31, 2022                     LEWIS BRISBOIS BISGAARD & SMITH LLP


By:  _____/s/ Danielle E. Stierna_____
                     DANIELLE E. STIERNA
                     Attorneys for Defendants, MEDICAL REVIEW
                     INSTITUTE OF AMERICA, LLC

---

[9] U.S. District Courts, Federal Court Management Statistics, December 2021 Report, available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2021.pdf.  The statistics for the Northern District of California are located at page 66 of 95 of the pdf report.
[10] *See* note 9 *supra*.  The District of Utah statistics are located at page 85 of 95 of the pdf report.
[11] *See* notes 9 and 10 *supra*.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW