**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON P. KARDASSAKIS, SB# 90602
  E-Mail: Jon.Kardassakis@lewisbrisbois.com
DANIELLE E. STIERNA, SB# 317156
  E-Mail: Danielle.Stierna@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants, MEDICAL REVIEW
INSTITUTE OF AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT PATTERSON, individually, and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>MEDICAL REVIEW INSTITUTE OF AMERICA, LLC,<br><br>          Defendant. | Case No. 3:22-cv-00413-MMC<br><br>**DEFENDANT MEDICAL REVIEW INSTITUTE OF AMERICA, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(B)(1), 12(B)(6), OR TRANSFER THE CASE PURSUANT TO 28 U.S.C. § 1404(A)**<br><br>Judge:    Maxine M. Chesney<br><br>Date: Friday, September 2, 2022<br>Time: 9:00 a.m.<br>Crtrm: 7<br><br>[Filed concurrently with the Declaration of Danielle Stierna with the Declaration of Ron Sullivan and Declaration of Aja Leichliter as Exhibits, and Proposed Order] |

**NOTICE OF MOTION TO DISMISS**

**PLEASE TAKE NOTICE** that on September 2, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Maxine M. Chesney, in Courtroom 7 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant MEDICAL REVIEW INSTITUTE OF AMERICA, LLC will, and hereby does, move the Court under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing Plaintiff's First Amended Class Action Complaint or, in the alternative, to transfer the case to the District of Utah under 28 U.S.C. § 1404(a).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    The FRCP 12(b)(1) motion is made on the grounds that Plaintiff still lacks Article III

2  standing.  The FRCP 12(b)(6) motion is made on the grounds that, even *assuming* Plaintiff has

3  standing, he fails to state a claim under any of the causes of action in the First Amended Class

4  Action Complaint.  The alternative motion to transfer pursuant to 28 U.S.C. § 1404(a) is based on

5  the fact five related cases were pending in the District of Utah and have now been consolidated.

6  To conserve judicial resources and efficiently resolve the issues, if this case is not dismissed, it

7  should be transferred and consolidated with the five other class actions that were consolidated in

8  Utah.  This motion is based on this notice, the accompanying memorandum of points and

9  authorities, the declaration of Danielle Stierna with the previously submitted declarations of Ron

10  Sullivan and Aja Leichliter as exhibits, and all other facts the Court may or should take notice of,

11  all files, records, and proceedings in this case, and any oral argument the Court may entertain.

12

13  DATE:  July 28, 2022                        JON P. KARDASSAKIS
                                                DANIELLE E. STIERNA
14                                              LEWIS BRISBOIS BISGAARD & SMITH LLP

15

16                                       By:  _____/s/ Danielle E. Stierna_____

17                                             DANIELLE E. STIERNA
                                               Attorneys for Defendants, MEDICAL REVIEW
18                                             INSTITUTE OF AMERICA, LLC

19

20

21

22

23

24

25

26

27

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  Statement of Issues To Be Decided ........................................................................... 1

          1.     Whether Plaintiff lacks Article III standing. ................................. 1

          2.     Whether Plaintiff fails to allege facts sufficient to support his claims ........... 1

          3.     Whether the case should be transferred to the District of Utah ...................... 1

II.  Introduction ......................................................................................................... 1

III.  Statement of Relevant Facts .............................................................................. 1

IV.  Legal Standards Under FRCP 12(b)(1), FRCP 12(b)(6), And 28 U.S.C. § 1404(a) ............. 3

V.  Plaintiff Lacks Article III Standing ..................................................................... 4

    A.     Plaintiff Lacks Injury-in-Fact to Support His Claims And Relief Sought ............... 6

    B.     Plaintiff Cannot Establish Traceability or Redressability Necessary for Standing ......... 9

VI.  Plaintiff Lacks Standing To Assert A Nationwide Class ....................................... 10

VII.  Plaintiff's CMIA Claim (Count II) Fails ............................................................. 11

    A.     Plaintiff Fails to Show CMIA Applies to MRIoA ....................................... 11

    B.     Plaintiff Fails to Show His "Medical Information" Was in MRIoA's System ........ 12

    C.     No Disclosure of Plaintiff's Medical Information Is Alleged .......................... 12

    D.     No Unauthorized Viewing of Plaintiff's Medical Information Is Shown ........... 13

VIII.  Plaintiff's Negligence Claim Fails for Lack of Compensable Injury .................... 14

    A.     The Economic Loss Doctrine Bars Plaintiff's Negligence Claim ..................... 14

    B.     Plaintiff's Negligence Claim Fails for Lack of Injury and Damages ................ 15

IX.  Plaintiff Fails To Allege An Invasion of Privacy Claim ........................................ 16

X.  The Breach of Confidence Claim Fails for Lack of Novelty and Disclosure ............. 17

XI.  The Breach of Implied Contract Claim Fails ...................................................... 18

XII.  Plaintiff's UCL Claims Must Be Dismissed Because He Lacks Statutory Standing, IT Exceeds the Court's Equitable Authority, And Lacks Facts ........................... 19

XIII.  Plaintiff's Unjust Enrichment Claim Fails ........................................................ 21

XIV.  Motion to Transfer Argument ........................................................................... 22

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

XV.  Conclusion...............................................................................................................25

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# **TABLE OF AUTHORITIES**

**Page**

**Federal Cases**

*A. J. Industries, Inc. v. United States Dist. Court for Cent. Dist.*,
   503 F.2d 384 (9th Cir. 1974)............................................................................. 24

*Abuelhawa v. Santa Clara Univ.*,
   No. 20-CV-0405-LHK, 2021 U.S. Dist. LEXIS 61263 (N.D. Cal. Mar. 29,
   2021) ................................................................................................................. 22

*In re Am. Med. Collection Agency Cust. Data Sec. Breach Litig.*,
   No. 19-md-2904, 2021 U.S. Dist. LEXIS 240360 (D.N.J. Dec. 16, 2021).............................. 8

*In re Ambry Genetics Data Breach Litig.*,
   No. SACV 20-00791-CJC, 2021 U.S. Dist. LEXIS 204358 (C.D. Cal. Oct. 18,
   2021)................................................................................................................... 18

*Amer v. Medical Review Institute of America, LLC*,
   No. 2:22-cv-00132-DAK-DBP (D. Utah) ......................................................... 24

*Antman v. Uber Techs., Inc.*,
   No. 15-cv-01175-LB, 2018 U.S. Dist. LEXIS 793711 (N.D. Cal. May 10, 2018).................. 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................... 4

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015)............................................................................. 22

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................... 4

*In re Brinker Data Incident Litig.*,
   No. 3:18-cv-686-J32MCR, 2020 U.S. Dist. LEXIS 247918 (M.D. Fla. Jan. 27,
   2020)................................................................................................................... 18

*Bristol-Myers Squibb Co. v. Superior Court*,
   137 S. Ct. 1773 (2017) ..................................................................................... 11

*Callahan v. Ancestry*,
   No. 20-cv-08437-LB, 2021 U.S. Dist. LEXIS 112036 (N.D. Cal. June 15, 2021).................. 8

*Chambliss v. Carefirst, Inc.*,
   189 F. Supp. 3d 564 (D. Md. 2016) ................................................................... 9

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) ........................................................................................ 6, 10

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) ................................................................................................ 6, 7, 8

*Daniel v. Ford Motor Co.*,
    806 F.3d 1217 (9th Cir. 2015)................................................................................... 21, 22

*Dean v. Medical Review Institute of America, LLC et al.*,
    No. 1:22-cv-00619-JZL, (N.D. Ill.)................................................................................. 24

*Dean v. Medical Review Institute of America, LLC*,
    No. 2:22-cv-00226-TS-DAO (D. Utah) .......................................................................... 24

*Esquer v. Stockx, LLC*,
    No. 19-CV-05933-LHK, 2020 U.S. Dist. LEXIS 112493 (N.D. Cal. June 26,
    2020)..................................................................................................................... 22, 23, 24

*Foster v. Essex Prop.*,
    No. 5:14-cv-05531-EJD, 2017 U.S. Dist. LEXIS 8373 (N.D. Cal. Jan. 20, 2017)............... 5, 6

*FW/PBS, Inc. v. Dallas*,
    493 U.S. 215 (1990) .......................................................................................................... 4

*Gardiner v. Walmart, Inc.*,
    No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 211251 (N.D. Cal. July 28,
    2021)................................................................................................................... 15, 16, 22

*Gardiner v. Walmart, Inc.*,
    No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 75079 (N.D. Cal. Mar. 5, 2021)
    (*Gardiner I*) ..................................................................................................... 14, 19, 20

*In re Google Privacy Policy Litig.*,
    No. 5:12-cv-001382-PSG, 2015 U.S. Dist. LEXIS 92736 (N.D. Cal. July 15,
    2015)..................................................................................................................................... 9

*Graham v. Universal Health Servs.*,
    539 F. Supp. 3d 481 (E.D. Pa. 2021) ............................................................................ 7, 9

*Greenstein v. Noblr Reciprocal Exch.*,
    No. 21-cv-04357-JSW, 2022 U.S. Dist. LEXIS 30228 (N.D. Cal. Feb. 14, 2022)
    ............................................................................................................. 5, 7, 8, 9, 10

*Huynh v. Quora, Inc.*,
    2019 U.S. Dist. LEXIS 235733 (N.D. Cal. Dec. 19, 2019) ............................................ 19, 20

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) .............................................................................. 16

*Jones v. Micron Tech., Inc.*,
    400 F. Supp. 3d 897 (N.D. Cal. 2019) ................................................................................ 10

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4874-1787-8057.1

iv

Case No. 3:22-cv-00413

Defendant's Notice of Motion and Motion to Dismiss Or Transfer Plaintiff's First Amended Complaint

*Joseph v. J.J. Mac Intrye Cos.*,
    238 F. Supp. 2d 1158 (N.D. Cal. 2002) .............................................................. 17

*Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys.*,
    315 F. App'x 603 (9th Cir. 2008)........................................................................ 14

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................................ 21

*Klein v. Facebook, Inc.*,
    No. 20-CV-08570-LHK, 2022 U.S. Dist. LEXIS 8081 (N.D. Cal. Jan. 14, 2022)................ 22

*Krottner v. Starbucks Corp.*,
    628 F.3d 1139 (9th Cir. 2010)....................................................................... 5, 19

*Laguardia v. Designer Brands, Inc.*,
    No. 19cv1568 JM(BLM), 2020 U.S. Dist. LEXIS 88142 (S.D. Cal. May 7,
    2020)................................................................................................. 25

*Legg v. Leaders Life Ins. Co.*,
    No. CIV-21-655-D, 2021 U.S. Dist. LEXIS 232833 (W.D. Okla. Dec. 6, 2021)............. 6, 7, 9

*Lou v. Belzberg*,
    834 F.2d 730 (9th Cir. 1987)............................................................................ 23

*Lovelll v. P.F Chang's China Bistro, Inc.*,
    No. C14-1152RSL, 2015 U.S. Dist. LEXIS 112101 (W.D. Wash. Mar. 27,
    2015)................................................................................................. 19

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010 (N.D. Cal. July 12, 2012)................................................... 17

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ................................................................................ 4, 5

*Northstar Fin. Advisors Inc. v. Schwab Investments*,
    779 F.3d 1036 (9th Cir. 2015)........................................................................... 18

*Penikila v. Sergeant's Pet Care Prods., LLC*,
    442 F. Supp. 3d 1212 (N.D. Cal. 2020) .............................................................. 11

*Peters v. Wells Fargo Bank, N.A.*,
    No. 17-cv-04367-JST, 2018 U.S. Dist. LEXIS 6139 (N.D. Cal. Jan. 12, 2018)............. 4, 22

*Pierce-Nunes v. Toshiba Am. Info. Sys.*,
    No. 14-cv-00796-JST, 2014 U.S. Dist. LEXIS 129641 (N.D. Cal. Sept. 14,
    2014)................................................................................................ 24

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



*Prescott v. Bayer Healthcare LLC*,
    No. 5:20-cv-00102 NC, 2020 U.S. Dist. LEXIS 113378 (N.D. Cal. June 29,
    2020) .................................................................................................................... 11

*Pruchnicki v. Envision Healthcare Corp.*,
    845 F. App'x 613 (9th Cir. 2021) ........................................................ 15, 16, 19, 20

*Purvis v. Medical Review Institute of America, LLC*,
    No. 2:22-cv-00099-DAK-DBP (D. Utah) .............................................................. 24

*Ree v. Zappos.com, Inc. (In re Zappos.com, Inc.)*,
    888 F.3d 1020 (9th Cir. 2018) ................................................................................ 5

*Robinson v. Managed Accounts Receivable Corp.*,
    654 F. Supp. 2d 1051 (C.D. Cal. Aug. 4, 2009) ............................................... 16, 17

*Ruiz v. Gap, Inc.*,
    380 F. App'x 689 (9th Cir. 2010) ......................................................................... 16

*Savage v. Glendale Union High Sch.*,
    343 F.3d 1036 (9th Cir. 2003) ................................................................................ 3

*In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig. ("In re
SAIC")*, 45 F. Supp. 3d 14 (D.D.C. 2014) ............................................................. 9

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) .......................................................................... 20, 21

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    903 F. Supp. 2d 942 (S.D. Cal. Oct. 11, 2012) (*In re Sony I*) ........................... 14, 15

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    996 F. Supp. 2d 942 (S.D. Cal. Jan. 21, 2014) (*In re Sony II*) ............................... 15

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) .................................................................................. 4

*Stanford Health Care v. Blue cross Blue Shield of N.C., Inc.*,
    No. 21-cv-04598-BLF, 2022 U.S. Dist. LEXIS 11482 (N.D. Cal. Jan. 21, 2022) ............... 18

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988) ................................................................................................ 4

*Strom v. Paytime, Inc.*,
    90 F. Supp. 3d 359 (M.D. Pa. 2015) ....................................................................... 9

*Thornton v. Medical Review Institute of America, LLC*,
    No. 2:22-cv-00181-BSJ (D. Utah) ........................................................................ 24



*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021) ........................................................................................... 5, 6

*Warth v. Seldin*,
    422 U.S. 490 (1975) .................................................................................................... 5

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) .............................................................................. 3, 24

*White v. Medical Review Institute of America, LLC*,
    No. 2:22-cv-00082-DAK-DAO (D. Utah) .............................................................. 24

*Whitesides v. E*TRADE Sec., LLC*,
    No. 20-cv-05803-JSC, 2021 U.S. Dist. LEXIS 46082 (N.D. Cal. Mar. 11, 2021) ................ 15

*Wilder v. CBS Corp.*,
    No. 2:12-cv-8961-SVW-RZ, 2013 U.S. Dist. LEXIS 190059 (C.D. Cal. Feb. 13, 2013) ........................................................................................................... 17

*Williams v. Apple, Inc.*,
    449 F. Supp. 3d 892 (N.D. Cal. 2020) ................................................................... 21

*Wolfe v. Strankman*,
    392 F.3d 358 (9th Cir. 2004) ................................................................................... 3

**State Cases**

*Aas v. Sup. Ct.*,
    24 Cal. 4th 627 (2000) ........................................................................................... 14

*Biakanja v. Irving*,
    49 Cal. 2d 647 (1958) ............................................................................................. 14

*Branch v. Homefed Bank*,
    6 Cal. App. 4th 793 (1992) ..................................................................................... 15

*Davies v. Krasna*,
    14 Cal. 3d 502 (1975) ............................................................................................. 17

*Erlich v. Menezes*,
    21 Cal. 4th 543 (1999) .............................................................................. 14, 15, 19

*J'Aire Corp v. Gregory*,
    24 Cal. 3d 799 (1979) ............................................................................................. 14

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) ........................................................................................... 20

*Ladas v. California State Auto. Assn.*,
    19 Cal. App. 4th 761 (1993) ................................................................................... 19

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Miller v. Nat'l Broadcasting Co.*,
    187 Cal. App. 3d 1463 (1986) ........................................................................ 16

*N. Am. Chem. Co. v. Super. Ct.*,
    59 Cal. App. 4th 764 (1997) ......................................................................... 14

*Potter v. Firestone Tire & Rubber Co.*,
    6 Cal. 4th 965 ............................................................................................. 15

*Regents of Univ. of California v. Superior Court*,
    220 Cal. App. 4th 549 (2013) ................................................................ 12, 13

*Sheen v. Wells Fargo Bank, N.A.*,
    12 Cal. 5th 905 (2022) .......................................................................... 14, 15

*Shulman v. Grp. W. Prods., Inc.*,
    18 Cal. 4th 200 (1998) .................................................................................. 17

*Sutter Health v. Superior Court*,
    227 Cal. App. 4th 1546 (2014) ............................................................... 12, 13

*Tele-Count Eng'rs, Inc. v. Pac. Tel. & Tel. Co.*,
    168 Cal. App. 3d 455 (1985) ....................................................................... 17

**Statutes**

28 U.S.C. § 1332(d) ............................................................................................. 22

28 U.S.C. § 1391(b)(1) ........................................................................................ 22

28 U.S.C. § 1404(a) ................................................................................. 1, 3, 4, 22

Cal. Bus. & Prof. Code § 17204 ........................................................................... 20

Cal. Civ. Code § 56.05(i) ...................................................................................... 12

Cal. Civ. Code § 56.05 (d), (f), (k), (m) ............................................................... 11

Cal. Civ. Code § 56.10(a) ........................................................................ 11, 12, 13

Cal. Civ. Code § 56.101(a) ............................................................................. 11, 13

**Other Authorities**

Fed. R. Civ. P. 8(a) .......................................................................................... 4, 21

Fed. R. Civ. P. 12(b)(1) ..................................................................................... 3, 22

Fed. R. Civ. P. 12(b)(6) ................................................................................ 3, 4, 25

Fed. R. Civ. P. 9(b) ............................................................................................... 21

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.    STATEMENT OF ISSUES TO BE DECIDED**

3

     1.      Whether Plaintiff lacks Article III standing.

4

     2.      Whether Plaintiff fails to allege facts sufficient to support his claims.

5

     3.      Whether the case should be transferred to the District of Utah.

6

**II.    INTRODUCTION**

7

     This Court previously granted Defendant Medical Review Institute of America, LLC's

8

("MRIoA") Motion to Dismiss or Transfer Plaintiff's Complaint for lack of Article III standing.

9

Dkt. No. 23.  Plaintiff's First Amended Complaint ("FAC") fails to allege new facts that

10

demonstrate he has Article III standing.  Dkt. No. 24.  This case arises from Plaintiff receiving

11

notice of a ransomware attack against MRIoA.  The very limited information MRIoA had about

12

Plaintiff was innocuous in content and not the type of information that can cause Plaintiff any

13

harm if it was obtained by the attackers.  Consistent with that, Plaintiff has not suffered any

14

misuse of the data that MRIoA had regarding him.  Plaintiff's First Amended Complaint does not

15

allege any news facts about the information MRIoA had pertaining to him or any injury.

16

Accordingly, MRIoA renews its motion to dismiss for lack of standing and requests dismissal with

17

prejudice.  Alternatively, MRIoA renews its motions to dismiss for failure to state a claim and for

18

transfer.  Plaintiff's allegations in support of his claims remain largely unchanged despite the

19

previous briefing.  Dkt. Nos. 18, 20, 22, 24.  Plaintiff now only brings claims for: (1) negligence;

20

(2) violation of the California Confidentiality of Medical Information Act ("CMIA"); (3) invasion

21

of privacy; (4) breach of confidence; (5) breach of implied contract; (6) violation of the California

22

Unfair Competition Law ("UCL"); and (7) unjust enrichment.  Finally, this case is one of six that

23

arose from the same ransomware attack against MRIoA, which has its principal place of business

24

in Utah where the other cases are pending in federal court and have been consolidated.  Under 28

25

U.S.C. § 1404(a), if it is not dismissed this case should be transferred to the District of Utah.

26

**III.    STATEMENT OF RELEVANT FACTS**

27

     MRIoA is a Delaware corporation with its principal place of business in Utah.  FAC ¶ 26.

28

Plaintiff is a California resident. *Id.* ¶ 14.  Plaintiff states MRIoA "offers peer review services to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    patients, health plans, pharmacy benefits managers, third party administrators, governments, and

2    self-insured employers throughout the United States, including in California." *Id.* ¶ 27.

3         MRIoA learned of a data security incident perpetrated by cybercriminals on November 9,

4    2021. *Id.* ¶ 4.  "The perpetrators demanded a ransom payment and in exchange agreed to return

5    the data that had been obtained in the attack."  Stierna Decl., Ex. A ("Sullivan Decl.") ¶ 7.

6    Plaintiff received a notification letter dated January 7, 2022 informing him of the incident.  FAC ¶

7    20.  He has not experienced any actual or attempted identity theft.  He was not aware MRIoA had

8    information pertaining to him until he received the letter.  *Id.* ¶ 39.  The potentially affected data

9    pertaining to Plaintiff is innocuous.  It consists of "a single one-page document on MRIoA

10   letterhead addressed to [MRIoA's] client.  Other than [MRIoA's] client's name and address, the

11   only other information provided is the date, the title 'Advisory,' a reference to 'Patterson, Albert'

12   as 'Insured' and 'Patient,' a Policy number," review time, and amount to be billed although the

13   document is not a bill.  Stierna Decl., Ex. B ("Leichliter Decl.") ¶ 10.  The potentially affected

14   information did <u>not</u> include Plaintiff's "address, birth date, age, social security number, phone

15   number, email address, driver's license number, banking or other type of financial information,"

16   nor does it "identify any details regarding health care provided."  Leichliter Decl. ¶ 11.

17        Plaintiff alleges he received medical care from MRIoA.  FAC ¶ 16.  MRIoA is not a

18   medical care provider and did not provide any medical care to Plaintiff.  Leichliter Decl. ¶¶ 5-6.

19   Plaintiff alleges, "[a]s required in order to obtain services from Defendant, Representative Plaintiff

20   provided Defendant with highly sensitive personal, financial, health and insurance information."

21   FAC ¶ 18.  This is inconsistent with his allegation he was unaware MRIoA had information

22   pertaining to him.  *Id.* ¶ 39.

23        Plaintiff still contends he experienced harm in the form of increased risk of fraud and

24   identity theft and as a result lost time spent monitoring his accounts, exploring credit monitoring

25   options, and seeking legal counsel.  FAC ¶¶ 21, 24.  He repeats his unsuccessful attempt to allege

26   harm in the form of diminution in value of his PHI/PII, anxiety, and invasion of privacy.  FAC ¶¶

27   22-23.  The only new facts related to harm he alleges are that the notification letter he received

28   stated the information about him potentially affected in the incident included all types of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

information listed in the letter.  FAC ¶ 40.  He does not attach the notification letter he received. He cites to a government website that includes information submitted to the Maine Attorney General's Office, which includes a link to a pdf of a notification letter that contains the same language cited in the FAC regarding types of information affected, plus the prefatory language "The personal information potentially involved (only if this information was provided to MRIoA) is…"  FAC ¶ 38.[1]  Plaintiff then states he has since learned the nature of the specific information pertaining to him through this lawsuit.  FAC ¶ 45.  He does not challenge that the information pertaining to him potentially affected was innocuous, only that his response to the notification letter involving time spent responding to it and fear of harm was reasonable.  FAC ¶¶ 43-44.

Plaintiff seeks to represent a nationwide class of "[a]ll individuals within the United States of America whose PHI/PII and/or financial information was exposed to unauthorized third-parties as a result of the data breach discovered on November 9, 2021."  FAC ¶ 29.  He also seeks to represent a California subclass.  FAC ¶ 29.

## IV.   LEGAL STANDARDS UNDER FRCP 12(B)(1), FRCP 12(B)(6), AND 28 U.S.C. § 1404(A)

A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be facial or factual. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  In a facial challenge, the Court only considers whether the facts alleged are sufficient "on their face to invoke federal jurisdiction." *Id.* In a factual challenge, the Court may consider materials outside the complaint.  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 n.2 (9th Cir. 2003).  MRIoA asserts a facial and a factual challenge based on the Declarations of Ron Sullivan and Aja Leichliter.  Stierna Decl, Exs. A, B.  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.*  Article III standing is appropriately challenged through a Rule 12(b)(1) motion. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  The burden

---

[1] FAC ¶¶ 38 n.4 (citing https://apps.web.maine.gov/online/aeviewer/ME/40/8de68304-84d8-4c9c-bf36-c2de1b461e70.shtml).  A link to a copy of a pdf of the notice which contains the quoted language is available at the website Plaintiff cited.  *Id.* (last accessed July 14, 2022)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  of satisfying Article III standing is on the plaintiff. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231

2  (1990) (citations omitted).

3       A court must dismiss a complaint under Rule 12(b)(6) if the alleged facts do not entitle the

4  plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007). "[A] plaintiff's

5  obligation to provide the grounds of his entitlement to relief requires more than labels and

6  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at

7  555. Nor is a court "required to accept as true allegations that are merely conclusory, unwarranted

8  deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979,

9  988 (9th Cir. 2001). Legal conclusions "must be supported by factual allegations." *Ashcroft v.*

10  *Iqbal*, 556 U.S. 662, 679 (2009). "'Naked assertions' devoid of 'further factual enhancement'" are

11  not enough to survive dismissal. *Id.* at 678. Rather, a plaintiff is required to show, through facts

12  alleged, an entitlement to relief. *Id.* at 679 (citing FED. R. CIV. P. 8(a)(2)).

13       "For the convenience of the parties and witnesses, in the interest of justice, a district court

14  may transfer any civil action to any other district or division where it might have been brought or

15  to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Section

16  1404(a) is intended to place discretion in the district court to adjudicate motions for transfer

17  according to an 'individualized, case-by-case consideration of convenience and fairness.'"

18  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted). Factors to consider

19  include: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the

20  witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law,

21  (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the

22  relative court congestion and time of trial in each forum." *Peters v. Wells Fargo Bank, N.A.*, No.

23  17-cv-04367-JST, 2018 U.S. Dist. LEXIS 6139, *4-5 (N.D. Cal. Jan. 12, 2018) (citation omitted).

24  **V.   PLAINTIFF LACKS ARTICLE III STANDING**

25       Article III standing requires a plaintiff to demonstrate he or she has (1) suffered an injury

26  in fact that (2) is fairly traceable to the challenged conduct of the defendant for which (3) a

27  favorable judicial decision could provide redress. *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

28  560-61 (1992). The injury in fact must be both "concrete and particularized" and "actual or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   imminent, not 'conjectural' or 'hypothetical.'" *Id.* at 560.  Whether the injury is fairly traceable

2   asks if there is a causal connection between the defendant and the alleged injury.  *Id.*  For a

3   judicial decision to provide redress, "it must be 'likely,' as opposed to merely 'speculative,' that

4   the injury will be 'redressed by a favorable decision." *Id.* at 561.  If the plaintiff cannot satisfy the

5   Article III standing requirements, he is not allowed to seek relief for himself or for a putative class

6   he purports to represent. *Warth v. Seldin*, 422 U.S. 490, 502 (1975).  It is not sufficient for

7   Plaintiff to allege facts to demonstrate that someone else might be able to state a plausible claim.

8   His inability to allege facts to show he personally has standing is fatal to his suit.  "And standing is

9   not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press

10  and for each form of relief that they seek (for example, injunctive relief and damages)."

11  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) (citations omitted).

12      In the data security context, the Ninth Circuit considers the sensitivity of the information

13  potentially affected in an incident to determine whether there is standing based on actual identity

14  theft or increased risk of future identity theft.  *Greenstein v. Noblr Reciprocal Exch.*, No. 21-cv-

15  04357-JSW, 2022 U.S. Dist. LEXIS 30228, *6-14 (N.D. Cal. Feb. 14, 2022) (analyzing two Ninth

16  Circuit decisions and various district court decisions).  In *Krottner v. Starbucks Corp.*, 628 F.3d

17  1139, 1143 (9th Cir. 2010), the Ninth Circuit found injury-in-fact based on the theft of a laptop

18  containing plaintiffs names, addresses, and social security numbers and where one of the

19  plaintiff's had experienced an actual attempted fraud through use of his social security number.  In

20  *Ree v. Zappos.com, Inc. (In re Zappos.com, Inc.)*, 888 F.3d 1020, 1023-24 (9th Cir. 2018),

21  plaintiffs alleged "their names, account numbers, passwords, email addresses, telephone number,

22  and credit and debit card information" had been compromised in a data incident and some

23  plaintiffs had experienced actual fraud as a result.  The Ninth Circuit clarified its earlier ruling in

24  *Krottner*  explaining that "the sensitivity of the personal information" is the deciding factor when

25  determining the credibility of any impending future harm.  *Id.* at 1027.

26      The burden is on plaintiff to show traceability.  In *Foster v. Essex Prop.*, No. 5:14-cv-

27  05531-EJD, 2017 U.S. Dist. LEXIS 8373, at *13 (N.D. Cal. Jan. 20, 2017), the plaintiff alleged

28  unauthorized charges to a credit card after his landlord suffered a data incident.  *Id.* at *3.  The


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4874-1787-8057.1                    5                    Case No. 3:22-cv-00413
Memorandum of Points & Authorities in Support of Motion to Dismiss Or Transfer the First Amended Complaint

1   landlord submitted declarations showing plaintiffs were not injured as a result of the breaches to

2   the defendant's computer network because their credit card and other information was not stored

3   on the affected system.  *Id*. at *6.  This shifted the burden to plaintiffs to provide evidence of

4   standing.  They were unable to meet that burden because there was no "causal connection between

5   the unauthorized charges on [plaintiff's] credit card and the security breach of Essex's internal

6   computer system."  *Id*. at *8-9.  The court dismissed all claims without leave to amend.  *Id*. at *14.

7        A.      <u>Plaintiff Lacks Injury-in-Fact to Support His Claims And Relief Sought</u>

8        Plaintiff attempts to allege the same five types of injury alleged in his original Complaint.

9   Comp. ¶¶ 21-24; FAC ¶¶ 21-24.  Plaintiff alleges he experienced harm in the form of increased

10  risk of fraud and identity theft and as a result lost time spent monitoring his accounts, exploring

11  credit monitoring options, and seeking legal counsel.  FAC ¶¶ 21, 24.  He attempts to allege harm

12  in the form of diminution in value of his PHI/PII, anxiety, and invasion of privacy.  FAC ¶¶ 22-23.

13  He abandoned four of these injuries in his Opposition to the Motion to Dismiss the initial

14  Complaint.  Dkt. 20 at 3-4; Dkt No. 23 at 3.  The Court already found each of these injuries fail to

15  support standing.  Dkt. No. 23.  His new allegations add nothing of substance.  *See* FAC ¶¶ 40-45.

16       He contends he has an  increased risk of identity theft.  FAC ¶ 24.  But "the risk of future

17  harm on its own does not support Article III standing for the plaintiffs' damages claim."

18  *TransUnion*, 141 S. Ct. at 2213.  Plaintiff still has not alleged any instances of his personal,

19  financial, or medical information being misused.  "Given the holding in *TransUnion*, it is far from

20  clear that any case finding a concrete injury based merely on an abstract risk of future identity

21  theft following a data breach is still good law, at least with respect to a claim for damages."  *Legg*

22  *v. Leaders Life Ins. Co.*, No. CIV-21-655-D, 2021 U.S. Dist. LEXIS 232833, *14 (W.D. Okla.

23  Dec. 6, 2021).

24       As for injunctive relief related to future identity theft, an imminent threat of future harm is

25  necessary but lacking here.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 110-11 (1983).

26  "'[T]hreatened injury must be *certainly impending* to constitute injury in fact,' and [] '[a]llegations

27  of *possible* future injury' are not sufficient."  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409

28  (2013) (citations omitted) (emphasis in original).  Where no misuse of data has occurred and the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4874-1787-8057.1                              6                         Case No. 3:22-cv-00413
Memorandum of Points & Authorities in Support of Motion to Dismiss Or Transfer the First Amended Complaint

1    potentially affected data is not sufficiently sensitive to enable identity theft, the risk of future

2    identity theft is speculative, not certainly impending, and implausible.  *Greenstein*, 2022 U.S. Dist.

3    LEXIS 30228, *10-15.  *Greenstein* found a lack of Article III standing based on a risk of future

4    identity theft where the only information affected included names, addresses, and driver's license

5    numbers.  *Id.*  This Court already found "MRIoA has submitted undisputed evidence that none of

6    the information about Patterson potentially exposed in the data breach was sufficiently sensitive to

7    create a credible risk of future fraud or identity theft."  Dkt. No. 23 at 3 (citing Leichliter Decl. ¶

8    10).  This evidence remains undisputed.  As for injunctive relief related to a future cyberattack

9    (FAC ¶ 25), any such future attach is speculative.  Speculative future harm does not support

10   standing.  *Clapper*, 568 U.S. at 401, 409, 414 n.5 (citation omitted).

11          A ransom was paid specifically to preclude misuse.  *See* Sullivan Decl. ¶¶ 7-9; *Khan v.*

12   *Child.'s Nat'l Health Sys.*, 188 F. Supp. 3d 524, 531 (D. Md. 2016) (data breach cases post-

13   *Clapper* that found "standing included allegations indicating that some of the stolen data had

14   already been misused, that there was a clear intent to use the plaintiffs' personal data for

15   fraudulent purposes, or both"); *Legg*, 2021 U.S. Dist. LEXIS 232833, *6-11, 16 (speculation about

16   future actions of cybercriminals who perpetrated a data breach does not confer standing).  "The

17   target of a ransomware attack is the holder of the confidential data; the misappropriation of the

18   data, whether by theft or merely limitation on access to it, is generally the means to an end:

19   extorting payment."  *Graham v. Universal Health Servs.*, 539 F. Supp. 3d 481, 487 (E.D. Pa.

20   2021).  The ransomware criminal's business model depends on them honoring their representation

21   that any stolen information will be returned or destroyed and not misused. This is so because the

22   first time the attacker fails to honor that promise will be the last time anyone pays a ransom to that

23   attacker.  The speculative risk of future harm from identity theft does not support standing here.

24          Two related injuries Plaintiff alleges are lost time spent to mitigate the risk of future

25   identity theft and anxiety.  FAC ¶ 21, 43-44.  As this Court already found, because there is no

26   present or certainly impending injury-in-fact from the risk of future identity theft, lost time spent

27   out of fear to avoid the risk does not give rise to standing.  Dkt. No. 23 at 4.  "[Plaintiff] cannot

28   manufacture standing merely by inflicting harm on [himself] based on [his] fear of hypothetical


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    future harm that is not certainly impending." *Clapper*, 568 U.S. at 416 (citations omitted).  The

2    Supreme Court rejected litigants' attempts to manufacture standing through costs trying to assuage

3    their fear of future harm that does not satisfy the injury-in-fact element of standing.  *Id.* at 416,

4    418.  "'[M]itigation expenses do not qualify as injury; the risk of identity theft must first be real

5    and imminent, and not speculative, before mitigation costs establish injury in fact.'"  *Antman v.*

6    *Uber Techs., Inc.*, No. 15-cv-01175-LB, 2018 U.S. Dist. LEXIS 793711, *22-23 (N.D. Cal. May

7    10, 2018).  The Supreme Court also rejected litigant's subjective fear based on speculative future

8    harm that was not certainly impending.  *Clapper*, 568 U.S. at 417-18; *Callahan v. Ancestry*, No.

9    20-cv-08437-LB, 2021 U.S. Dist. LEXIS 112036, *11 (N.D. Cal. June 15, 2021) (emotional

10   distress is not enough to confer standing in a data breach case because the threat of future identity

11   theft must also be credible).

12        Plaintiff contends his mitigation efforts were reasonable.  FAC ¶¶ 40-45.  He already

13   argued this in his Opposition to the Motion to Dismiss or Transfer the original Complaint.  Dkt.

14   No. 20 at 3-4.  This Court already disposed of this argument.  Dkt. No. 23 at 4.  "Respondents'

15   contention that they have standing because they incurred certain costs as a reasonable reaction to a

16   risk of harm is unavailing--because the harm respondents seek to avoid is not certainly

17   impending."  *Clapper*, 568 U.S. at 416.  The reasonable reaction analysis Plaintiff argues for

18   "improperly waters down the fundamental requirements of Article III."  *Id.*

19        Plaintiff alleges the value of his PII has diminished.  He alleges no new facts to support

20   this injury, which the Court already found wanting.  *See* Dkt. No. 23 at 4-5.  "[T]o successfully

21   demonstrate injury in fact by diminution in value of PI, Plaintiffs must 'establish both the

22   existence of a market for her personal information and an impairment of her ability to participate

23   in that market.'"  *Greenstein*, 2022 U.S. Dist. LEXIS 30228, *15 (citations omitted).

24   "Additionally, plaintiffs must demonstrate the value of their PI by showing that 'the same

25   information, when not disclosed, has independent economic value to an individual user.'"  *Id.* at

26   16.  This includes plausibly alleging plaintiffs intended to sell their own information.  *Id.*  This

27   case does not involve the type of information that can be commercially monetized.  *See In re Am.*

28   *Med. Collection Agency Cust. Data Sec. Breach Litig.*, No. 19-md-2904, 2021 U.S. Dist. LEXIS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

240360, \*46-47 (D.N.J. Dec. 16, 2021); *In re Google Privacy Policy Litig.*, No. 5:12-cv-001382-PSG, 2015 U.S. Dist. LEXIS 92736, \*18 n.63 (N.D. Cal. July 15, 2015); *Legg*, 2021 U.S. Dist. LEXIS 232833, \*18-19 (citing *Chambliss v. Carefirst, Inc.*, 189 F. Supp. 3d 564, 572 (D. Md. 2016)).  The only market for PII and PHI Plaintiff points to is the Dark Web.  FAC ¶ 81.  Plaintiff admits his information is not on the Dark Web.  FAC ¶ 52.  He does not, nor can he, plausibly allege he would sell his information.  Nor does Plaintiff allege that the information that was potentially affected would be of value on the Dark Web. The information at issue here is innocuous.  It does not include his Social Security number, financial account information, medical treatment information or anything that could be sold or present a real risk of harm.  *See* Leichliter Decl. ¶¶ 10-11.

Plaintiff alleges harm in the form of loss of privacy.  He still does not allege facts to show any unauthorized individual actually viewed his information, which would be necessary for his privacy to be violated.  *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig. ("In re SAIC")*, 45 F. Supp. 3d 14, 28-29 (D.D.C. 2014) (plaintiffs who did not allege misuse of their information lacked Article III injury based on privacy violation because it was speculative any unauthorized person actually viewed their information); *Strom v. Paytime, Inc.*, 90 F. Supp. 3d 359, 368 (M.D. Pa. 2015) (alleged invasion of privacy factually unsupported where plaintiff did not allege "the unidentified hacker was able to view, read, or otherwise understand the data it accessed.").  Because the cybercriminals perpetrated a ransomware attack (Sullivan Decl., ¶¶ 7-9), there is no basis to assume they had any intent to view information to commit future identity theft and to infer such would only be speculation that cannot support standing.  *See Graham*, 539 F. Supp. 3d at 487.  The Court already found this averment insufficient.  Dkt. No. 23 at 5.

Nor is any alleged delay in notification sufficient to confer Article III standing. *Greenstein*, 2022 U.S. Dist. LEXIS 30228, \*22-23 (citing cases).  Plaintiff does not allege any increase in harm that resulted from purported delay in notification.

B.    <u>Plaintiff Cannot Establish Traceability or Redressability Necessary for Standing</u>

Traceability of any future attempted identity theft to the incident at MRIoA is lacking because the information at issue could not plausibly be used to commit identity theft. *Greenstein*,



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4874-1787-8057.1                                    9                                    Case No. 3:22-cv-00413
Memorandum of Points & Authorities in Support of Motion to Dismiss Or Transfer the First Amended Complaint

1    2022 U.S. Dist. LEXIS 30228, *21.  Likewise, redressability is lacking.  There is no basis for

2    monetary damages because there is no present injury in fact.  There is no basis for injunctive relief

3    because the Court cannot successfully order the cybercriminals to do anything.  *Id.* at *25 (noting

4    the Court could not provide redress because any injunctive and declaratory relief would not

5    compel the hackers to return the PI to Plaintiffs.").  Further, the cybercriminals already returned

6    the information and claimed to have destroyed any copies of it as part of the ransom agreement.

7    Sullivan Decl. ¶¶ 7-9.  Future cyberattack on MRIoA is speculative.  *See Lyons*, 461 U.S. at 105-

8    06, 111 (past conduct against the victim of a police chokehold was not a basis to grant injunctive

9    relief when the same conduct occurring in future was speculative).  Whether MRIoA will ever

10   receive additional information about Plaintiff is speculative.  Whether any such information would

11   be more sensitive than the information MRIoA has pertaining to Plaintiff is speculative.  MRIoA

12   corrected the problem identified in its data security that enabled the cybercriminals to perpetrate

13   the ransomware attack, so declaratory relief would not provide redress.  Sullivan Decl. ¶ 10;

14   *Greenstein*, 2022 U.S. Dist. LEXIS 30228, *25 (the defendant had already corrected the problem

15   "by changing its policies and masking driver's license numbers in the page source code").  In

16   short, any future harm is speculative and does not support injunctive relief and any relief the Court

17   could order would not provide redress.  Plaintiff's First Amended Complaint should be dismissed

18   in its entirety with prejudice for lack of Article III standing.

19   **VI.   PLAINTIFF LACKS STANDING TO ASSERT A NATIONWIDE CLASS**

20          Plaintiff asserts common law claims on behalf of a Nationwide Class but does not allege

21   which state's law applies.  FAC ¶¶ 29, 97-122, 131-62, 174-82.  To the extent Plaintiff intends to

22   assert the laws of other states as the basis for his common law claims brought on behalf of out-of-

23   state residents, he lacks standing to do so.  *Jones v. Micron Tech., Inc.*, 400 F. Supp. 3d 897, 909-

24   11 (N.D. Cal. 2019).  If he is asserting these nationwide claims under California law, the non-

25   California putative class members lack standing for these California claims against the non-

26   resident defendant MRIoA.  Because the non-California putative class members did not have

27   contact with MRIoA in California (Plaintiff who is a California resident admits he did not have

28   contact with MRIoA in California or otherwise – *see* FAC ¶ 39), there is no specific jurisdiction

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

for them to assert California claims. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) (California courts lack jurisdiction over out-of-state claims by out-of-state litigants against out-of-state defendants); *see Prescott v. Bayer Healthcare LLC*, 2020 U.S. Dist. LEXIS 113378, *9 (N.D. Cal. June 29, 2020) (noting a split in the district on the application of *Bristol-Myers Squibb* to class actions); *Penikila v. Sergeant's Pet Care Prods., LLC*, 442 F. Supp. 3d 1212, 1214 (N.D. Cal. 2020) (finding the correct procedural mechanism on the issue would be a motion to strike nationwide class claims under Fed. R. Civ. P. 23(d)(1) and requesting briefing on *Bristol-Myers Squibb's* application). This issue is easily addressed by granting the alternative Motion to Transfer this case to the District of Utah.

## VII.  PLAINTIFF'S CMIA CLAIM (COUNT II) FAILS

Plaintiff attempts to allege violations of Cal. Civ. Code §§ 56.10(a) and 56.101(a) in California's Confidentiality of Medical Information Act ("CMIA"). FAC ¶¶ 123-30.

### A.  Plaintiff Fails to Show CMIA Applies to MRIoA

Cal. Civ. Code § 56.10(a) only applies to "[a] provider of health care, health care services plan, or contractor." Section 56.101(a) adds pharmaceutical companies. CMIA provides separate definitions for each of these categories of persons. Cal. Civ. Code § 56.05 (d), (f), (k), (m).[2]

Plaintiff asserts a conclusion that MRIoA fits within the different definitions for a provider of health care, health care services plan, or contractor but fails to allege facts to show it satisfies any of these definitions. FAC ¶ 124. Legal conclusions are entitled to no deference.[3] Plaintiff asserts MRIoA "offers peer review services to patients, health plans, pharmacy benefits managers, third party administrators, governments, and self-insured employers throughout the United States, including in California." FAC ¶ 27. There is no allegation MRIoA is licensed, certified, or regulated under any of the legal provisions that would qualify it as a provider of health care or a health care services plan. Because plaintiff has failed to allege facts to show MRIoA is an entity

---

[2] A provider of health care must be licensed or certified under delineated laws, a health care services plan must be regulated by the Knox-Keene Health Care Service Plan Act of 1975, and a contractor cannot be either of these two persons but must be "a medical group, independent practice association, pharmaceutical benefits manager, or a medical service organization…" *Id.*

[3] He has pled MRIoA out of the contractor definition by alleging it is all three because a contractor cannot be a provider of health care or a health care service plan. Cal. Civ. Code § 56.05 (d).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    subject to the provisions of CMIA, his claim must be dismissed for this reason alone.

2       B.    Plaintiff Fails to Show His "Medical Information" Was in MRIoA's System

3       The definition of "medical information" under CMIA is narrow: "individually identifiable

4    information… regarding a patient's medical history, mental or physical condition, or treatment."

5    Cal. Civ. Code § 56.05(i).  Plaintiff alleges he received medical care from MRIoA and in order to

6    receive that care, he had to provide MRIoA "highly sensitive personal, financial, health and

7    insurance information."  FAC ¶¶ 16, 18.  He does not specify what "health" information he

8    provided to MRIoA and instead only alleges the conclusion it was "medical information" under

9    CMIA.  FAC ¶ 126.  He alleges other facts that are inconsistent with these allegations and make

10   any inferences that may have been drawn from them implausible.  He admits MRIoA provides

11   peer review services to medical providers, not that MRIoA provides medical services itself.  FAC

12   ¶ 27.  He admits he did not know MRIoA had any information pertaining to him (FAC ¶ 39),

13   which is inconsistent with his claim he provided "health" information to MRIoA.  Without facts

14   showing his medical information relating to "medical history, mental or physical condition, or

15   treatment" was actually involved, he fails to allege a CMIA claim.

16      C.    No Disclosure of Plaintiff's Medical Information Is Alleged

17      CMIA states specified entities "shall not disclose medical information regarding a

18   patient… without first obtaining an authorization, except as provided in subdivision (b) or (c)."

19   Cal. Civ. Code § 56.10(a).  "Disclose" under this section of CMIA requires an affirmative act of

20   communication.  *Regents of Univ. of California v. Superior Court*, 220 Cal. App. 4th 549, 564-67

21   (2013) ("*Regents*") (finding disclose and release are not synonymous and to hold otherwise would

22   render redundant the differences between statutory §§ 56.10(a) and 56.35 contrasted with §§

23   56.101(a) and 56.36); *Sutter Health v. Superior Court*, 227 Cal. App. 4th 1546, 1555-56 (2014)

24   (finding § 56.10 allowed certain disclosures implying the word required an affirmative act of

25   communication and a thief stealing a computer with medical information did not equate to a

26   disclosure of medical information).  Plaintiff makes no effort to differentiate between disclosure

27   and release of information and only alleges the conclusion that MRIoA "disclosed 'medical

28   information'" through its alleged "failure to adequately detect, protect, and prevent unauthorized

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4874-1787-8057.1                          12                          Case No. 3:22-cv-00413
Memorandum of Points & Authorities in Support of Motion to Dismiss Or Transfer the First Amended Complaint

disclosure." FAC ¶ 126. This is not an allegation of an affirmative act of communication as is required for a disclosure but rather a failure to prevent cybercriminals' infiltration. Thus, he fails to allege the disclosure necessary for a violation of § 56.10(a) and this claim must be dismissed.

        D.     <u>No Unauthorized Viewing of Plaintiff's Medical Information Is Shown</u>

        CMIA states a specified entity "who creates, maintains, preserves, stores, abandons, destroys, or disposes of medical information shall do so in a manner that preserves the confidentiality of the information contained therein." Cal. Civ. Code § 56.101(a). California courts hold that a violation of this section requires pleading the confidentiality of plaintiff's medical information was actually breached by an unauthorized individual actually viewing it. *Sutter Health*, 227 Cal. App. 4th at 1550, 1555 (granting writ of mandate and directing the trial court to sustain the defendant's demurrer without leave to amend); *Regents*, 220 Cal. App. 4th at 570 (same). "No breach of confidentiality takes places until an unauthorized person views the medical information." *Sutter Health*, 227 Cal. App. 4th at 1557. The *Sutter Health* court found allegations that a thief stole a laptop with medical information was only a "change of possession [that] increased the risk of a confidentiality breach. But the Confidentiality Act does not provide for liability for increasing the risk of a confidentiality breach." *Id.* Here, the ransomware attack only amounts to allegations at most of theoretical access to information that increased the risk of a breach of confidentiality. Plaintiff does now allege his contention that "unauthorized third persons viewed [his] and Class Members protected information." FAC ¶ 128. But there are still no facts alleged to support a claim that Plaintiff's information was actually viewed by the cybercriminal. FAC ¶¶ 38 n.4, 127-29, ("On November 16, 2021, to the best of its ability and knowledge, MRIoA retrieved and subsequently confirmed the deletion of the obtained information."[4]). Nor can such an inference be made where Plaintiff has not alleged his medical information was misused. *Regents*, 220 Cal. App. 4th at 570 ("Because no one (except perhaps the thief) knows what happened to the encrypted external hard drive and the password for the encrypted information, [plaintiff] cannot allege her medical records were, in fact, viewed by an unauthorized

---

[4] *See* note 1 *supra*.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   individual."). Thus, no breach of confidentiality of Plaintiff's medical information is shown and

2   this claim must be dismissed.

3   **VIII.   PLAINTIFF'S NEGLIGENCE CLAIM FAILS FOR LACK OF COMPENSABLE INJURY**

4       A.   <u>The Economic Loss Doctrine Bars Plaintiff's Negligence Claim</u>

5       Physical harm in the form of personal injury or property damage is generally required for a

6   negligence claim to be cognizable. *In re Sony Gaming Networks & Customer Data Sec. Breach*

7   *Litig.*, 903 F. Supp. 2d 942, 961 (S.D. Cal. Oct. 11, 2012) ("*In re Sony I*") (citing *N. Am. Chem.*

8   *Co. v. Super. Ct.*, 59 Cal. App. 4th 764, 777 (1997)). "The economic loss doctrine has been

9   applied in various contexts," including when tort claims arise from an underlying contract. *Sheen*

10   *v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 922, 923 (2022) (citing cases). "In the absence of (1)

11   personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the

12   parties, or (4) some other common law exception to the rule, recovery of purely economic loss is

13   foreclosed." *Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys.*, 315 F. App'x 603, 605 (9th Cir. 2008)

14   (citing *J'Aire Corp v. Gregory*, 24 Cal. 3d 799 (1979)). Plaintiff's alleged injuries are only

15   economic in nature. FAC ¶¶ 21-25, 120-21. Lost time is economic loss especially when alleged

16   to be "lost opportunities" or "loss of productivity," which is what Plaintiff alleges. *Gardiner v.*

17   *Walmart, Inc.*, No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 75079, *23-24 (N.D. Cal. Mar. 5,

18   2021) (*Gardiner I*) (citing cases); FAC ¶ 120. Plaintiff does not allege property damages or

19   physical injury and alleging anxiety does not overcome the economic loss doctrine. *Erlich v.*

20   *Menezes*, 21 Cal. 4th 543, 551-58 (1999).

21       Plaintiff asserts a special relationship with MRIoA. FAC ¶ 106. The special relationship

22   factors are listed in *J'Aire Corp.*, 24 Cal. 3d at 804. They are the same as the factors in *Biakanja*

23   *v. Irving*, 49 Cal. 2d 647 (1958). *Sheen*, 12 Cal. 5th at 940 (citing *Aas v. Sup. Ct.*, 24 Cal. 4th 627,

24   645-46 (2000)). The California Supreme Court recently explained these factors do not apply to

25   establish a duty of care in negligence when the parties are in contractual privity and the tort claim

26   arises from the contract. *Sheen*, 12 Cal. 5th at 936-42. Plaintiff alleges an implied contract exists

27   between himself and MRIoA that had the same obligation to provide adequate data security

28   alleged to be the basis of his negligence claim. FAC ¶¶ 97-122, 154-62. His negligence claim is


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

thus barred by the economic loss doctrine recently affirmed in *Sheen* and must be dismissed.[5]

### B.   Plaintiff's Negligence Claim Fails for Lack of Injury and Damages

The elements of a negligence claim are duty, breach, injury, causation, and damages.  *In re Sony I*, 903 F. Supp. 2d at 959-60, 962 (citations omitted).  Injury and damages are unsupported.

Plaintiff's alleged anxiety and concern do not save his negligence claim. FAC ¶¶ 23, 44. "California courts have limited emotional suffering damages to cases involving either physical impact and injury to plaintiff or intentional wrongdoing by defendant."  *Branch v. Homefed Bank*, 6 Cal. App. 4th 793, 800 (1992).  There is generally no duty to protect a plaintiff from emotional distress and even when such a duty has been assumed by the defendant, "with rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests."  *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984-85 (citations omitted). Damages for emotional distress are not "available in every case in which there is an independent cause of action founded upon negligence." *Erlich v. Menezes*, 21 Cal. 4th 543, 554 (1999) (citation omitted).  "[M]oreover, a preexisting contractual relationship, without more, will not support a recovery for mental suffering where the defendant's tortious conduct has resulted only in economic injury to the plaintiff."  *Id.* at 554-55.  The Ninth Circuit in a data breach case recently affirmed similar reasoning as a basis to dismiss negligence, negligent misrepresentation, and breach of implied contract claims under Nevada law.  *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 614 (9th Cir. 2021) (finding plaintiff "did not assert the existence of any physical injury or illness" making her alleged emotional distress insufficient).  No physical injury is alleged which dooms Plaintiff's emotional distress injury and damages.

Plaintiff contends he suffered injury in the form of loss of privacy, but he does not show that any injury resulted from loss of privacy.  FAC ¶ 121.  Invasion of privacy is a tort in California and allows for recovery of emotional distress damages, unlike negligence as discussed

---

[5] Even if applied, Plaintiff fails to allege a special relationship which some courts have rejected in data security cases.  *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 972 (S.D. Cal. Jan. 21, 2014) (*In re Sony II*) (citing cases); *Gardiner v. Walmart, Inc.*, No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 211251, *18 (N.D. Cal. July 28, 2021); *Whitesides v. E*TRADE Sec., LLC*, No. 20-cv-05803-JSC, 2021 U.S. Dist. LEXIS 46082, *19-20 (N.D. Cal. Mar. 11, 2021) (citing *S. Cal. Gas Leak Cases*, 7 Cal. 5th 391, 400, 403, 407 (2019)).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4874-1787-8057.1                                      15                                  Case No. 3:22-cv-00413
Memorandum of Points & Authorities in Support of Motion to Dismiss Or Transfer the First Amended Complaint

1   above.  *Miller v. Nat'l Broadcasting Co.*, 187 Cal. App. 3d 1463, 1484-85 (1986) (citing cases); *In*

2   *re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063-64 (N.D. Cal. 2012) (analyzing invasion

3   of privacy and negligence claims separately and dismissing negligence claim with prejudice for

4   lack of injury despite allegations of disclosure of personal information).

5         Nor are Plaintiff's alleged lost time or loss in value of his PII sufficient to establish injury

6   and damages.  FAC ¶¶ 21-22, 42-43.  In *Pruchnicki*, the Ninth Circuit upheld dismissal of a

7   negligence claim finding allegations of lost time were not shown to be legally sufficient and had

8   been recognized by some courts in the Circuit only if "accompanied by out-of-pocket expenses."

9   845 F. App'x at 614 (citation omitted).  Plaintiff does not allege out-of-pocket expenses.  The

10  Ninth Circuit rejected allegations of loss of value in PII because even though the plaintiff had

11  shown personal information "may have value in general," she had not shown "that *her* personal

12  information actually lost value," and agreed with the findings of several district courts "that the

13  'mere misappropriation of personal information' does not establish compensable damages."  *Id.*

14  (citation omitted) (emphasis in original); *Gardiner v. Walmart, Inc.*, No. 20-cv-04618-JSW, 2021

15  U.S. Dist. LEXIS 211251, *6-8 (N.D. Cal. July 28, 2021) (*Gardiner II*) (finding allegations of loss

16  in value of PII did not support damages elements for negligence, UCL, or breach of contract

17  claims).  Plaintiff has not shown his personal information actually lost value.

18        Risk of future harm does not support a negligence claim.  FAC ¶ 24; *Ruiz v. Gap, Inc.*, 380

19  F. App'x 689, 691 (9th Cir. 2010) (finding threat of future harm alleged in a data breach case was

20  not an actual injury sufficient to support a negligence claim).  Plaintiff's negligence claim must be

21  dismissed for lack of compensable injury or damages.

22  **IX.   PLAINTIFF FAILS TO ALLEGE AN INVASION OF PRIVACY CLAIM**

23        There are four types of an invasion of privacy claim, but only intrusion upon seclusion

24  appears to be at issue.  *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051,

25  1062-63 (C.D. Cal. Aug. 4, 2009).  Intrusion upon seclusion requires: "(1) the defendant

26  intentionally intruded, physically or otherwise, upon the solitude or seclusion, private affairs or

27  concerns of the plaintiff; (2) the intrusion was substantial, and of a kind that would be highly

28  offensive to an ordinarily reasonable person; and (3) the intrusion caused the plaintiff to sustain

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   injury, damage, loss or harm." *Id.* (quoting *Joseph v. J.J. Mac Intrye Cos.*, 238 F. Supp. 2d 1158,

2   1169 (N.D. Cal. 2002)).  "To prove actionable intrusion, the plaintiff must show the defendant

3   penetrated some zone of physical or sensory privacy surrounding, or otherwise obtained unwanted

4   access to data about, the plaintiff." *Shulman v. Grp. W. Prods., Inc.*, 18 Cal. 4th 200, 232 (1998).

5       Plaintiff alleges his privacy was intruded upon because a cybercriminal gained access to

6   data MRIoA had pertaining to him.  FAC ¶¶ 135-38.  He does not allege MRIoA intruded upon his

7   information but that a third party cybercriminal did.  He does not and cannot establish the first

8   element against MRIoA.  He fails to allege the second element because he does not state what

9   information MRIoA had pertaining to him such that any intrusion could be deemed highly

10  offensive.  FAC ¶ 39, 45.  "Even disclosure of personal information, including social security

11  numbers, does not constitute an 'egregious breach of the social norms' to establish an invasion of

12  privacy claim." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. July 12, 2012)

13  (citing cases).  Nor can he show the third element because he cannot show the cybercriminal

14  actually viewed his information.  Sec. VII.D.  This claim must be dismissed.

15  **X.    THE BREACH OF CONFIDENCE CLAIM FAILS FOR LACK OF NOVELTY AND DISCLOSURE**

16      The elements of a breach of confidence claim are:

17      (1) the plaintiff conveyed 'confidential and novel information' to the defendant; (2)
        the defendant had knowledge that the information was being disclosed in
18      confidence; (3) there was an understanding between the defendant and the plaintiff
        that the confidence be maintained; and (4) there was a disclosure or use in violation
19      of the understanding.

20  *Wilder v. CBS Corp.*, No. 2:12-cv-8961-SVW-RZ, 2013 U.S. Dist. LEXIS 190059, *10-11 (C.D.

21  Cal. Feb. 13, 2013).  Proximate cause and damages are also elements.  *Tele-Count Eng'rs, Inc. v.*

22  *Pac. Tel. & Tel. Co.*, 168 Cal. App. 3d 455, 461 (1985).

23      Plaintiff cannot satisfy the first element for two reasons.  First, he only alleges his PII was

24  confidential, not that it was novel.  FAC ¶ 144.  Both confidentiality and novelty are required.  *Id.*

25  at 462 (citing cases).  Second, a breach of confidence claim is about protecting ideas, not PII.  "An

26  action for breach of confidence… arises whenever an idea, offered and received in confidence, is

27  later disclosed without permission." *Davies v. Krasna*, 14 Cal. 3d 502, 510 (1975).

28      Nor can Plaintiff satisfy the fourth element.  Plaintiff only alleges cybercriminals gained

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   unauthorized access to PII.  FAC ¶ 149.  This is not the same as disclosure or use by MRIoA.

2   Courts recognize the definition of disclosure requires an affirmative act and have dismissed breach

3   of confidence claims in data breach cases for lack of disclosure premised on alleged inadequate

4   data security.  *In re Ambry Genetics Data Breach Litig.*, No. SACV 20-00791-CJC (KESx), 2021

5   U.S. Dist. LEXIS 204358, *25-27 (C.D. Cal. Oct. 18, 2021) (citations omitted); *In re Brinker*

6   *Data Incident Litig.*, 2020 U.S. Dist. LEXIS 247918, *63.  This claim must be dismissed.

7   **XI.    THE BREACH OF IMPLIED CONTRACT CLAIM FAILS**

8         A breach of implied contract claim requires an enforceable contract, plaintiff's

9   performance or excused nonperformance, defendant's breach, and damages.  *Stanford Health Care*

10  *v. Blue cross Blue Shield of N.C., Inc.*, No. 21-cv-04598-BLF, 2022 U.S. Dist. LEXIS 11482, *14

11  (N.D. Cal. Jan. 21, 2022) (citation omitted).  The existence of an implied contract is manifested by

12  conduct "including mutual assent or offer and acceptance."  *Id.* (quoting *Northstar Fin. Advisors*

13  *Inc. v. Schwab Investments*, 779 F.3d 1036, 1050-51 (9th Cir. 2015)).  Whether the manifested

14  conduct evidences formation of a contract is determined using an objective standard in relation

15  only to outward manifestations.  *Id.* at *14-15 (citations omitted).  Subjective or unexpressed

16  intentions are disregarded.  *Id.*  Plaintiff fails to allege each of the required elements.

17        Plaintiff alleges, "[a]s a condition of being direct customers/patients/employees of

18  [MRIoA]," he provided his information to MRIoA and MRIoA "agreed to safeguard and protect

19  such non-public information..." and provide notification of any compromise of the information.

20  FAC ¶ 158.  He alleges "[a] meeting of the minds occurred" when he gave his information to

21  MRIoA "in exchange for, among other things, the protection of [his] PHI/PII and financial

22  information."  FAC ¶ 159.  He states he performed under the contract, MRIoA breached, and he

23  suffered harm.  FAC ¶¶ 160-62.  These allegations are either contradicted by Plaintiff's other

24  allegations or are legal conclusions that should be disregarded.

25        Plaintiff does not allege formation of a contract with a data security term.  Despite his

26  assertion, he does not allege he was a customer or an employee of MRIoA and he could not be a

27  patient because MRIoA is not a health care provider.  *See* FAC ¶¶ 16, 27, 39.  He could not have

28  provided his information as a condition of being a direct customer, patient, or employee.  Whether

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4874-1787-8057.1                    18                    Case No. 3:22-cv-00413
Memorandum of Points & Authorities in Support of Motion to Dismiss Or Transfer the First Amended Complaint

a meeting of the minds occurred is a legal conclusion, but Plaintiff does not explain what offer and acceptance or mutual assent to a term of data security was reached through his providing his PII to MRIoA and MRIoA accepting it.  "Under basic contract law 'an offer must be sufficiently definite, or must call for such definite terms in the acceptance that the performance promised is reasonably certain.'"  *Ladas v. California State Auto. Assn.*, 19 Cal. App. 4th 761, 770 (1993). Such vague allegations have been rejected in data breach cases.  *Krottner*, 406 F. App'x at 131 (no implied contract where plaintiffs did not see the documents they based the alleged offer of data security on and where their acceptance was of a "specific offer to encrypt and otherwise safeguard their personal data" the documents did not include); *see Lovelll v. P.F Chang's China Bistro, Inc.*, No. C14-1152RSL, 2015 U.S. Dist. LEXIS 112101, *10-11 (W.D. Wash. Mar. 27, 2015) (no evidence "the parties mutually intended to bind defendant to specific cybersecurity obligations").

Nor does Plaintiff allege his performance, MRIoA's breach, or damages.  Plaintiff alleges he provided his PII but contradicts this by his admission he did not know MRIoA had his information.  FAC ¶ 39.  This shows even under his theory, he did not perform because he did not provide his information to MRIoA.  MRIoA could not have breached a promise to provide a specific level of data security that was never mutually agreed to by the parties.  Finally, he alleges no contractual damages, which requires actual damages.  *Pruchnicki*, 845 F. App'x at 614-15 (affirming dismissal of breach of implied contract claim in a data breach case for lack of compensable injury); *Huynh v. Quora, Inc.*, 2019 U.S. Dist. LEXIS 235733, *26-28 (N.D. Cal. Dec. 19, 2019) (dismissing breach of implied contract claim for lack of damages because nominal damages do not suffice, lost benefit of the bargain damages were not sufficiently alleged, and plaintiff had not suffered identity theft); *Gardiner I*, 2021 U.S. Dist. LEXIS 75079, at *9-19 (same).  Lost time does not suffice.  *Pruchnicki*, 845 F. App'x at 614.  Neither does emotional distress.  *See id.*; *Erlich v. Menezes*, 21 Cal. 4th 543, 558 (1999) (citations omitted) ("Accordingly, damages for mental suffering and emotional distress are generally not recoverable in an action for breach of an ordinary commercial contract in California.").  This claim must be dismissed.

XII.   **PLAINTIFF'S UCL CLAIMS MUST BE DISMISSED BECAUSE HE LACKS STATUTORY STANDING, IT EXCEEDS THE COURT'S EQUITABLE AUTHORITY, AND LACKS FACTS**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      Statutory standing for a UCL claim requires showing injury in the form of lost money or

2  property.  Cal. Bus. & Prof. Code § 17204.  Plaintiff does not allege any specific injury under this

3  claim that satisfies this element.  FAC ¶¶ 163-73.  The injuries that fail to support Article III

4  standing certainly do not support the actual lost money or property required for this claim.  FAC

5  ¶¶ 21-24.  "[A] decline in the present or future value of PII is not a loss of money or property."

6  *Huynh*, 2019 U.S. Dist. LEXIS 235733, at *19 (dismissing UCL claim in a data breach case for

7  failure to allege lost money or property); *Gardiner I*, 2021 U.S. Dist. LEXIS 75079, at *10-11, 21-

8  22 (finding allegations of unspecified stolen PII and existence of a market to sell PII insufficient to

9  support damages for a UCL claim)  Risk of future identity theft does not support UCL standing.

10  *Gardiner I*, 2021 U.S. Dist. LEXIS 75079, at *12-15.  Plaintiff alleges no actual out-of-pocket

11  expenses, which also renders his allegations of lost time insufficient to show lost money or

12  property.  *See id.* at *15-16; *Pruchnicki*, 845 F. App'x at 614 (lost time not cognizable injury for

13  negligence or breach of implied contract and "several district courts in this Circuit have declined

14  to recognize [lost time] damages unless accompanied by out-of-pocket expenses.").  While

15  Plaintiff requests *inter alia* "refunds of moneys" (FAC ¶ 173), he does not allege he paid money

16  that could be refunded.  Further, any money or property plaintiff alleges is lost must be "as a result

17  of the unfair competition."  Cal. Bus. & Prof. Code § 17204.  Plaintiff does not allege facts to

18  show he had business dealings with MRIoA and admits the opposite.  *Kwikset Corp. v. Superior*

19  *Court*, 51 Cal. 4th 310, 320-21 (2011) (explaining changes in who is authorized to bring a UCL

20  claim); FAC ¶ 39.  This claim must be dismissed for lack of statutory standing.

21      Plaintiff's UCL claim fails because he does not allege he lacks an adequate legal remedy.

22  *Gardiner I*, 2021 U.S. Dist. LEXIS 75079, at *19-21.  The UCL only authorizes equitable

23  remedies.  *Id.* at *19.  "The Ninth Circuit found 'that the traditional principles governing equitable

24  remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a

25  party requests restitution under the UCL and CLRA in a diversity action.'"  *Id.* at *19-20 (quoting

26  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 843-44 (9th Cir. 2020).  "*Sonner* has been

27  extended to claims for injunctive relief."  *Id.* at *20 (citing cases).  Plaintiff does not allege he

28  lacks an adequate legal remedy, only that the UCL allows for cumulative remedies.  FAC ¶ 172.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4874-1787-8057.1                                      20                          Case No. 3:22-cv-00413
Memorandum of Points & Authorities in Support of Motion to Dismiss Or Transfer the First Amended Complaint

1   This is irrelevant to the type of relief a federal court is authorized to provide.  "At bottom, '[t]hat a

2   State may authorize its courts to give equitable relief unhampered by' the 'restriction[]' that an

3   adequate remedy at law be unavailable 'cannot remove th[at] fetter[] from the federal courts.'"

4   *Sonner*, 971 F.3d at 843-44 (citation omitted).  This claim must be dismissed.

5        Substantively, Plaintiff's claims under the UCL for unfair, unlawful, and fraudulent

6   business practices fail for lack of sufficient facts for reasons similar to those discussed throughout

7   this brief.  His allegations are conclusory and contradictory.

8        Plaintiff's claim based on fraud is subject to the heightened pleading standard of Rule 9(b).

9   *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  Plaintiff fails to meet that

10  standard.  He alleges nothing about what MRIoA did to induce him to engage in any conduct or

11  that he relied on anything.  He does not allege any misrepresentations, only that allegedly

12  inadequate data security and failure to disclose such is an unfair practice.  FAC ¶ 167.  He fails to

13  show a duty to disclose or that if a disclosure had occurred, he would have known and changed his

14  behavior.  *See Daniel*, 806 F.3d at 1225-26.  He admits he did not know MRIoA had his

15  information.  FAC ¶ 39.  If he did not provide his information to MRIoA or know about MRIoA,

16  then MRIoA could not have done anything to induce him to engage in conduct that resulted in his

17  harm and there is no basis to infer any disclosure would have reached him.  This claim is

18  implausible and does not even satisfy Rule 8(a).  Fraud also requires intent to induce reliance but

19  Plaintiff only alleges the conclusion that MRIoA knew or should have known its data security was

20  insufficient.  FAC ¶ 168.  Conclusions are entitled to no deference.

21        Plaintiff's unfair claim is based on the same conduct as his fraudulent claim, so it likewise

22  fails.  *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 910 (N.D. Cal. 2020) (citations omitted).

23        Plaintiff's unlawful UCL claim fails because it lacks a predicate law violation.  He cites to

24  HIPAA but fails to show a HIPAA violation.  FAC ¶ 167.  He references violations of other "legal

25  mandates cited herein" (FAC ¶ 167), but his other legal claims all fail to state a claim.

26        In short, Plaintiff's UCL claim wholly fails and must be dismissed.

27  **XIII.  PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS**

28        "[I]n California, there is not a standalone cause of action for 'unjust enrichment,' which is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

synonymous with 'restitution'." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). While the Ninth Circuit held in 2015 "a court 'may construe the cause of action as a quasi-contract claim seeking restitution'" (*id.* (citation omitted)), California Courts of Appeal since disagree. *See Abuelhawa v. Santa Clara Univ.*, No. 20-CV-0405-LHK, 2021 U.S. Dist. LEXIS 61263, *24-28 (N.D. Cal. Mar. 29, 2021) (reviewing California appellate court cases after 2015 finding unjust enrichment is not a claim); *Klein v. Facebook, Inc.*, No. 20-CV-08570-LHK, 2022 U.S. Dist. LEXIS 8081, *199 (N.D. Cal. Jan. 14, 2022). The Ninth Circuit requires that courts "sitting in diversity 'must follow the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently.'" *Id.* (citing *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1222 (9th Cir. 2015)). This claim should be dismissed.

Alternatively, this claim lies in equity and should be dismissed because Plaintiff fails to allege he lacks an adequate legal remedy. *Gardiner II*, 2021 U.S. Dist. LEXIS 211251, *19-21 (applying reasoning from order dismissing UCL claim in initial complaint to unjust enrichment claim in first amended complaint). Nor does Plaintiff allege facts to support he conferred a benefit on MRIoA or failed to receive the benefit of his bargain because he did not give anything to MRIoA, including his information, or pay for any services. FAC ¶¶ 39, 180. This claim fails.

## XIV. MOTION TO TRANSFER ARGUMENT

The first question in analyzing a motion to transfer is whether the case could have been brought in the transferee district which requires the transferee court have (1) subject matter jurisdiction, (2) personal jurisdiction over the defendant, and (3) that venue is proper. *Esquer v. Stockx, LLC*, No. 19-CV-05933-LHK, 2020 U.S. Dist. LEXIS 112493, *6-7 (N.D. Cal. June 26, 2020) (citation omitted). If the Court does not dismiss the Complaint pursuant to Rule 12(b)(1), diversity jurisdiction and the Class Action Fairness Act provide the District of Utah with the same subject matter jurisdiction this Court has. *See* FAC ¶ 10; *Peters*, 2018 U.S. Dist. LEXIS 6139, *5 (citing 28 U.S.C. § 1332(d)). MRIoA has its principal place of business in Utah and is subject to personal jurisdiction in the District of Utah. FAC ¶ 26. Venue is proper in the District of Utah because MRIoA is the only defendant and resides in Utah. 28 U.S.C. § 1391(b)(1). Thus, the case could have been brought in the District of Utah. *See* 28 U.S.C. § 1404(a).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4874-1787-8057.1                                    22                        Case No. 3:22-cv-00413
Memorandum of Points & Authorities in Support of Motion to Dismiss Or Transfer the First Amended Complaint

1    The second part of the inquiry involves weighing the factors related to the convenience of

2    the parties, the convenience of the witnesses, and the interests of justice. *Esquer*, 2020 U.S. Dist.

3    LEXIS 112493, *9.  While a plaintiff's choice of forum is generally afforded great weight, this is

4    not the case when the case is a class action or when the operative facts occurred outside of the

5    chosen forum. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  Although Plaintiff resides in

6    the forum, the putative nationwide class does not and the facts giving rise to this case allegedly

7    involving inadequate data security pertain to an entity in Utah and thus predominantly occurred in

8    Utah.  Thus, this factor "is entitled to only minimal consideration." *Id.*

9    The convenience of the parties and witnesses factors weigh in favor of transfer.  "To

10   evaluate convenience to witnesses, 'courts must consider not only the number of witnesses, but

11   also the nature and quality of their testimony.'" *Esquer*, 2020 U.S. Dist. LEXIS 112493, *12

12   (citation omitted).  Plaintiff resides in California but has minimal knowledge of the facts giving

13   rise to this case.  FAC ¶¶ 14, 39.  In contrast, MRIoA has its principal place of business in Utah

14   and "[m]ost senior executives and MRIoA IT personnel who were involved in responding to the

15   data security incident are based in Utah."  Sullivan Decl. ¶¶ 3, 12-13.  Five related class actions

16   pending in the District of Utah were consolidated.  The inconvenience to MRIoA of having to

17   litigate in multiple forums is high. Transfer would lower litigation and travel costs. *Esquer*, 2020

18   U.S. Dist. LEXIS 112493, *14-15.  If this case is consolidated with the others, Plaintiff's counsel

19   would have the convenience of sharing the burden of discovery with other plaintiffs' counsel. *Id.*

20   The ease of access to evidence factor is neutral where the evidence will mostly be

21   electronically stored information. *Esquer*, 2020 U.S. Dist. LEXIS 112493, *15-16 (citations

22   omitted).  The familiarity of each forum with applicable law factor is neutral.  There are two

23   California statutory claims in this case which this Court is likely more familiar with because it sits

24   in California.  However, federal courts are regularly tasked with handling state law claims and

25   both federal courts can apply California law. *Id.* at *19-20.  Additionally, there are common law

26   claims brought on behalf of a putative nationwide class. The Complaint is unclear on which state's

27   law Plaintiff contends govern or whether multiple states' laws would apply to these claims.

28   The factor of feasibility of consolidation for the sake of judicial economy weighs heavily



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   in favor of transfer.  "The feasibility of consolidation is a significant factor in a transfer decision,

2   although even the pendency of an action in another district is important because of the positive

3   effects it might have in possible consolidation of discovery and convenience to witnesses and

4   parties." *Esquer*, 2020 U.S. Dist. LEXIS 112493, *20 (quoting *A. J. Industries, Inc. v. United*

5   *States Dist. Court for Cent. Dist.*, 503 F.2d 384, 389 (9th Cir. 1974)).  There were five related

6   class actions with plaintiffs from five different states filed in the District of Utah with allegations

7   and claims arising from the same data security incident alleged in this case.[6]  These cases were

8   consolidated on July 22, 2022.[7]  One of these cases was originally filed in the Northern District of

9   Illinois and was voluntarily dismissed without prejudice by Plaintiff Dean and re-filed in the

10  District of Utah.[8]  Thus, transferring this case to the District of Utah would make consolidation of

11  this case with the five others possible allowing for conservation of party and judicial resources.

12  *Esquer*, 2020 U.S. Dist. LEXIS 112493, *20-24 (finding possibility of consolidation weighed

13  "strongly in favor of transfer").  It would also avoid potentially inconsistent rulings on the same

14  issues.  *Id.* at *21 (citation omitted).

15      The local interest in the controversy factor weighs in favor of transfer.  MRIoA is

16  headquartered in the District of Utah and employs Utah residents.  Utah has a greater interest in

17  deciding issues relating to MRIoA's business practices.  *Pierce-Nunes v. Toshiba Am. Info. Sys.*,

18  2014 U.S. Dist. LEXIS 129641, *18 (N.D. Cal. Sept. 14, 2014).  Other than Plaintiff residing in

19  the Northern District of California, there are no facts that tie any of the allegations in this case to

20  the Northern District of California.  While California has an interest in protecting its residents,

21  Plaintiff asserts a nationwide class as do the five related class actions pending in the District of

22  Utah with name plaintiffs from five other states.[9]

23

---

24  [6] *White v. Medical Review Institute of America, LLC*, No. 2:22-cv-00082-DAK-DAO (D. Utah);
    *Purvis v. Medical Review Institute of America, LLC*, No. 2:22-cv-00099-DAK-DBP (D. Utah);

25  *Amer v. Medical Review Institute of America, LLC*, No. 2:22-cv-00132-DAK-DBP (D. Utah);
    *Thornton v. Medical Review Institute of America, LLC*, No. 2:22-cv-00181-BSJ (D. Utah); and

26  *Dean v. Medical Review Institute of America, LLC*, No. 2:22-cv-00226-TS-DAO (D. Utah).
    [7] *White*, No. 2:22-cv-00082-DAK-DAO, Dkt. No. 29 (D. Utah July 22, 2022).

27  [8] *Dean v. Medical Review Institute of America, LLC et al.*, No. 1:22-cv-00619-JZL, Dkt. No. 18
    (N.D. Ill. Mar. 25, 2022).

28  [9] *See* note 5 *supra*.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    The relative court congestion and trial time in each forum factor weighs in favor of

2 transfer.  For the Northern District of California, the December 31, 2021 reported total filings was

3 10,990, total filings per judgeship was 785, and weighted filings per judgeship was 816.[10]  The

4 statistics for the District of Utah were significantly less with reported total filings of 2,193, total

5 filings per judgeship of 439, and weighted filings per judgeship of 455.[11]  The median time from

6 filing to disposition for civil cases was slightly lower in the Northern District of California at 8.9

7 months than in the District of Utah at 12.4 months.[12]  A three to four month difference is marginal.

8 *Laguardia v. Designer Brands, Inc.*, 2020 U.S. Dist. LEXIS 88142, *23-25 (S.D. Cal. May 7,

9 2020).  This district appears to be slightly more efficient, but it has almost twice the case load per

10 judge than does the District of Utah.  Thus, this factor should weigh in favor of transfer.

11    Considering all of these factors together, the convenience of the parties and witnesses and

12 the interests of justice would be served by transferring this case to the District of Utah.

13 **XV.   CONCLUSION**

14    MRIoA requests the Court dismiss Plaintiff's FAC with prejudice for lack of Article III

15 standing.  Alternatively, MRIoA requests the Court dismiss Plaintiff's claims under Rule 12(b)(6).

16 If the Court does not dismiss Plaintiff's FAC, MRIoA requests transfer to the District of Utah.

17

18 DATED:  July 28, 2022                    LEWIS BRISBOIS BISGAARD & SMITH LLP

19

20                                         By:     */s/ Danielle E. Stierna*

21                                                 DANIELLE E. STIERNA
                                                   Attorneys for Defendants, MEDICAL REVIEW
22                                                 INSTITUTE OF AMERICA, LLC

23

24

25

---

26 [10] U.S. District Courts, Federal Court Management Statistics, December 2021 Report, available at
https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2021.pdf.  The
27 statistics for the Northern District of California are located at page 66 of 95 of the pdf report.
[11] *See* note 9 *supra*.  The District of Utah statistics are located at page 85 of 95 of the pdf report.
28 [12] *See* notes 9 and 10 *supra*.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW